## Lucious Jackson v. State.

No. 25803. April 9, 1952.
State's Motion for Rehearing Denied (Without Written Opinion) May 14, 1952.

Hon. John Snell, Jr., Judge Presiding.

*Louis C. Davis,* and *Ray Kilpatrick,* Houston, for appellant.

*Sam W. Davis,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 15 months' confinement in jail.

The sole question presented for review is the refusal of the trial court to grant appellant's amended motion for new trial based upon jury misconduct. Under Article 760e (Acts, 52nd Leg., 1951), no bills are necessary to preserve the question here raised.

The trial court overruled the amended motion for new trial and declined to permit further amendment thereof or to hear testimony tendered by appellant in support of the allegations of misconduct of the jury.

The motion for new trial was not sworn to, but attached thereto we find the affidavit of juror Billings, in which he swears that, during their deliberations as jurors, among other alleged misconduct which we do not think reflects error, the following occurred:

"* * * several jurors stated as a fact that the defendant would have to serve only a part of whatever sentence we fixed as his punishment. As a result of this statement, I was led to believe that only a part of the sentence we fixed as punishment would have to be served by the defendant."

The affidavit was sufficient to support the allegations of jury misconduct, and the trial court was not warranted in declining to hear testimony thereon. See Boone v. State, 156 Tex. Cr. R. 327, 242 S. W. (2d) 380, and Yarborough v. State, 130 Tex. Cr. R. 315, 94 S. W. (2d) 179.

While it is true that we said, in Walker v. State, 150 Tex. Cr. R. 421, 201 S. W. (2d) 823, in a felony case, that "it was a matter of common knowledge that prisoners are credited with extra time for good behavior" and that a discussion of such fact by the jury during its deliberations was not error, we are confronted here with the fact that the law does not provide for a diminution of such term of imprisonment in jail except by executive elemency. In Price v. State, 150 Tex. Cr. R. 161, 199 S. W. (2d) 168, we reversed a conviction where one juror gave an incorrect version of the indeterminate sentence law to his colleagues.

Judgment is reversed and the cause remanded.