## FRANCISCO GARCIA MARQUEZ v. STATE

No. 34,504.   April 11, 1962
Motion for Rehearing Overruled May 23, 1962

*William E. Davenport* and *Snodgrass, Smith, Rose & Finley,* San Angelo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is fondling the sexual parts of a male under 14 years of age; the punishment, confinement in the penitentiary for 6 years.

J. W. Nowlin, a male 12 years of age, testified that on the night of July 23, 1961, he attended a show at the Roxy Theater in the City of San Angelo; that about 10 or 11 P.M., he left the theater, started home and first observed appellant near a post office; that appellant offered to take him home, but instead, took him out to a pasture near the Holiman School, stopped the automobile and proceeded to disrobe; that appellant made him remove his clothing and started "messing" with his private parts. The boy further testified, "* * * he (appellant) put his mouth on my private parts * * *" and had him put his private part in appellant's rectum.

Thomas Flowers, a patrolman for the City of San Angelo, testified that on the night in question, around 10:30 or 11 P.M., while on patrol duty near the Holiman School, he noticed an automobile parked near the school and put his spotlight upon it; that the automobile started up and moved out; that after a short chase he overtook the automobile and found appellant driving and observed that his "breeches" were down around his knees. The patrolman further stated that J. W. Nowlin was an occupant of the automobile and after hearing Nowlin's story, he took appellant into custody.

Detective Gary Simpson, of the San Angelo Police Department, testified that on July 24, 1961, appellant made and signed a written statement, after proper warning, which was introduced in evidence by the State, wherein he admitted the alleged sexual acts.

Appellant, testifying as a witness in his own behalf, admitted his relationship with the youth and stated that this was his first act of sexual deviation. He further stated that prior to this occurrence, he had consumed 10 or 12 bottle of beer, which was double the amount of which he normally partook and that he had never been convicted of a felony in this state or any other state.

Eugene Martinez, father-in-law of appellant, testified that his

son-in-law's reputation as a peaceable and law-abiding citizen was good.

Dr. Everrett L. Sutter, a Doctor of Philosophy and Psychology, testified that he had treated some 57 cases of sex deviation and had success in 55. He further stated that he could not advance an opinion as to appellant's condition or chances of recovery as he had not examined him.

There are no objections to the court's charge. Appellant predicates this appeal upon two formal bills of exception and several informal bills of exception.

Appellant's formal Bill of Exception No. 1 relates to the overruling of his motion for continuance, based upon the allegation that the expert testimony of Dr. Sutter was necessary for the proper defense of appellant. A statement of facts, setting forth the testimony heard at the hearing, accompanies the record before us. It is shown by such, that appellant had made an appointment with Dr. Sutter after his arrest and before the day of trial, but that he failed to keep said appointment. During this time appellant was released on bail. The doctor testified that had appellant kept his appointment, then he would have had time to evaluate, examine and come forward with a conclusion as to appellant's present condition. The bill of exception does not show an abuse of discretion on the part of the trial court in overruling the motion for continuance.

By formal Bill of Exception No. 2 appellant complains of the overruling of his amended motion for new trial based upon jury misconduct.

The conduct complained of is that during their deliberations, the jury received new evidence in the form of a discussion about a film on sex deviation which was recently shown by the local PTA and the remark of one juror that he knew a prominent citizen of the community who was generally known as a sex deviate, but that such could not be proved.

An affidavit by one of the members of the jury accompanies the motion, but said affidavit fails to mention the discussion pertaining to the film. It is not error to overrule a motion for new trial where jury misconduct is alleged when the motion is not supported by affidavit. Roberson v. State, 160 Texas Cr. Rep. 381, 271 S.W. 2d 633 and Clifton v. State, 339 S.W. 2d 902. An

essential element of this rule of law is that each separate allegation in the motion must be supported by affidavit.

As to the mention of the prominent person, this is not such new evidence that can be construed as detrimental to appellant. Grizzell v. State, 164 Texas Cr. Rep. 362, 298 S.W. 2d 816.

In the absence of a showing of an abuse of discretion by the trial court in overruling a motion for new trial, this Court will not set aside a judgment of conviction. Berry v. State, 159 Texas Cr. Rep. 492, 265 S.W. 2d 783; Grizzell v. State, supra, 164 Texas Cr. Rep. 362 and Phillips v. State, 168 Texas Cr. Rep. 463, 328 S.W. 2d 873.

Finding the evidence sufficient to sustain the verdict and no reversible error appearing, the judgment is affirmed.