**Ezell JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40635.**

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

Philip Sanders, Austin, for appellant.

Thomas D. Blackwell, Dist. Atty., and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for murder; the punishment, sixty years.

One ground of error is urged by appellant, which complains of the court's refusal to grant a new trial because of alleged jury misconduct.

In his original and amended motions for new trial which were supported by the affidavit of one of the jurors, appellant alleged that, during the jury's deliberation as to punishment, one of the jurors stated that if a person were given life imprisonment he would be released in seven or eight years, which statement resulted in several jurors changing their verdict from a lesser number of years to sixty years in the penitentiary.

At the hearing, three jurors, two of whom had made affidavits in the case, were called to testify.

Juror Eric Kasper testified that during the jury deliberation on punishment the parole law was discussed but no juror purported to know the law. In the discussion, the James Cross case from Travis County was mentioned and it was stated that Cross, who received a life sentence, would be re-

leased on parole in seven or eight years. After this discussion, the juror changed his vote from twenty to sixty years.

Mrs. Olga Schultz, another juror, testified that she originally voted for punishment of twenty-five years and that after discussion of the parole law in which one of the jurors stated that a person given a life sentence could get out in seven or eight years, she changed her verdict to sixty years. She stated that no one on the jury purported to know the parole law and the discussion was based upon what had been read in the newspapers about the Cross case.

On one occasion, the jurors asked a deputy sheriff if he knew anything about the parole law and his reply was that it was not any of their concern.

R. L. Gardner, another juror, who had originally voted for a term of twenty-five years, testified that it was only after the jury had discussed the matter of parole and the James Cross case was mentioned with some juror stating that he had read in the newspapers that a person given a life sentence could be released in seven or eight years, that he finally voted for sixty years. He further stated that no juror purported to know the parole law and how it worked.

From the jurors' testimony it appears that, while they did discuss the matter of a parole, no one professed to know the law, or made a misstatement of the same.

In De La Rosa v. State, Tex.Cr.App., 317 S.W.2d 544, this court pointed out that not every mention of parole during the jury deliberations constitutes reversible error and it is only where the discussion involves an incorrect statement of the law that a reversal will be ordered.

The statement made by one of the jurors based upon what he had read in the newspapers—that a person who received a life sentence could be released in seven or eight years—was not a misstatement of the law, under the provisions of Art. 42.12, Sec. 15, Vernon's Ann.C.C.P. of 1965, and Art. 6184*l*, Vernon's Ann.Civ.St., in force at the time of appellant's trial.

Moore v. State, Tex.Cr.App., 346 S.W.2d 349, cited by appellant, is not here controlling, under the facts.

Under the record, we perceive no error and the ground of error is overruled.

The judgment is affirmed.