**Frank Allan DEMOLLI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45159.**

Court of Criminal Appeals of Texas.

April 5, 1972.

———◆———

Clayton, Friday, Friedman & Burroughs, by G. Lowell Clayton, Jr., Austin, for appellant.

Robert O. Smith, Dist. Atty., Michael J. McCormick, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the possession of marihuana. Appellant entered a plea of guilty before a jury, and punishment was assessed at twenty-five years.

The record reflects that appellant was arrested at the Continental Bus Station in Austin, on January 10, 1971, after having picked up a package, at said bus station, found to contain a little over twenty-one pounds of marihuana.

Appellant contends that the court erred in overruling his motion for new trial on the grounds that the affidavit signed by his attorney was insufficient to constitute a ground for new trial and failed to raise the question of whether or not there had been jury misconduct.

Omitting the formal parts, the affidavit filed by appellant's counsel, in support of the motion for new trial, reads as follows:

"After being retained to represent Mr. Demolli by telephone I contacted Mrs. Ardelle Koperski and Mrs. Grace Tramp, two of the jurors in this case and questioned her about the jury's deliberation. Both commented that there was some discussion by three or four of the jurors about the Defendant's eligibility for parole and about the percentage of time that he would actually have to serve in prison.

"After attempting to contact other jurors, I recontacted Mrs. Koperski and Mrs. Tramp and at this time they refuse to speak further about the case or sign any affidavit concerning the above.

"I also attempted to contact the other jurors, but they were either not at home, or categorically refused to discuss the case."

We find no merit in appellant's contention since the allegation, if proved, would not constitute ground for reversal.

In Johnson v. State, 418 S.W.2d 834, this Court said: "From the jurors' testimony it appears that, while they did discuss the matter of a parole, no one professed to know the law, or made a misstatement of the same." "It is a matter of common knowledge that from time to time inmates of the Texas Department of Corrections are released on parole." Taylor v. State, Tex.Cr. App., 420 S.W.2d 601; Edwards v. State, Tex.Cr.App., 427 S.W.2d 629. In Curry v. State, 468 S.W.2d 455, this Court said: "In the case at bar, there was an assertion that appellant would, at some vague and indefinite time in the future, be paroled. Such does not constitute reversible error."

In the instant case, there is no showing in the affidavit that a juror professed to know the parole law and made a misstatement of same.

The judgment is affirmed.

Opinion approved by the Court.