James Charles BREWER, Appellant,

v.

The STATE of Texas, Appellee.

No. 46681.

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Sam Burns and James B. Turner, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough, I. D. McMaster, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for rape; the punishment, life imprisonment.

Appellant contends there was jury misconduct during deliberation at the punishment phase of the trial requiring reversal of this case.

The record contains the affidavits of two jurors. Both affiants, as well as a third juror, testified at a hearing on the motion for new trial. The record shows there were statements made during deliberation (1) that the Board of Pardons and Paroles would be in a better position than the jury to determine the length of time the appellant should serve in confinement; (2) that the appellant would only serve eight to ten years of a life sentence; and (3) that appellant would serve more time on a definite term such as thirty years than on a life sentence. Several times during the deliberation the foreman read the Court's charge and warned the jurors not to discuss or consider parole laws or the length of time appellant would actually serve. On the motion for new trial the testimony of each one of the jurors was inconsistent with other parts of his testimony, and inconsistent with the affidavits. The record does not reflect that any juror

purported to know the law in regard to parole or the length of time a defendant would serve; nor was any of the above matter discussed as a known fact. At one point during the jury's deliberations a note was sent to the trial judge which reads "What is the meaning of a life sentence? Is it more lenient than for example, a 35 year sentence?" The questions were answered: "Gentlemen, you have all of the law in the charge that I have already given you."[1] A juror testifying at the hearing on the motion for new trial said the jury then decided that "when you said life it was life and thirty-five (35) years was thirty-five (35) years." This record shows the jurors' statements in the jury room in connection with these matters were expressions of differing opinions.

■ This Court has held that a misstatement of the law concerning the effect of the parole laws asserted as a fact by jurors during deliberation is reversible error under Art. 40.03, Vernon's Ann.C.C.P. Scaling v. State, 499 S.W.2d 318 (1973); Meyers v. State, 418 S.W.2d 676 (Tex.Cr. App.1967). However, the mere expression of opinions concerning these matters is not reversible error. See Daniel v. State, 486 S.W.2d 944 (Tex.Cr.App.1972); Demolli v. State, 478 S.W.2d 554 (Tex.Cr. App.1972); Jones v. State, 462 S.W.2d 578 (Tex.Cr.App.1970); Edwards v. State, 427 S.W.2d 629 (Tex.Cr.App.1968). Moreover, a discussion of parole by a jury will not constitute a reversible error unless it is shown that the statement was a misstatement of the law. Daniel v. State, supra; Jones v. State, supra. No such showing is made here.

■ We hold that the Court did not abuse its discretion in overruling appellant's motion for new trial on this point.

■ Appellant also complains that the Court erroneously admitted copies of cop-

ies of originals of the judgments and sentences in each of the prior convictions alleged for enhancement. At the hearing on punishment, the State introduced into evidence authenticated records of the Texas Department of Corrections, and of the Oklahoma State Penitentiary, to show the prior convictions. This is the usual and an acceptable method of proof, approved by this Court on numerous occasions. See, e. g., Childress v. State, 472 S.W.2d 133 (Tex.Cr.App.1971); Jones v. State, 470 S. W.2d 874 (Tex.Cr.App.1971).

The judgment is affirmed.

Opinion approved by the Court.

---

1. The Court had previously charged "you are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor, and are no concern of yours."