**Jerry Wayne RIBBLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46719.**

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

**552**

Will Gray, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and William Olsen, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appeal is taken from a conviction of the offense of possession of marihuana, wherein punishment was assessed by the jury at six (6) years.

Appellant's two grounds of error both challenge the action of the trial court in admitting into evidence marihuana seized as a result of an alleged illegal search. First, appellant urges that any consent to search his home given by him did not establish a valid waiver of his constitutional right to refuse consent in the absence of proof that consent was given with the knowledge that it could be refused. Secondly, he insists that the search of his home was not a permissible search incident to an arrest within the scope of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

Appellant requested and was granted a hearing outside the presence of the jury to determine whether the marihuana which the State intended to introduce in evidence was, in fact, seized in an illegal search.

Viewed most favorably to the State and in support of the jury's verdict, the evidence established that on September 23, 1969, Officer D. D. Collins of the Houston Police Department, Narcotics Division, acting on a tip from a reliable informant, went to the 300 block of Berry Road in Houston. There he found appellant driving his automobile away from the garage that appellant operated. After stopping appellant, Officer Collins searched the car and found a brown paper sack under the edge of the driver's seat containing a green plant substance which was in his opinion marihuana. He placed the appellant under arrest and immediately advised him of his constitutional rights. He then accompanied appellant to his home where appellant gave a cardboard barrel to Collins containing more marihuana. At this point appellant stated to Collins that this was all the marihuana he had.

The police chemist testified that the substance contained in the brown paper bag found in appellant's car consisted of 120 grams of marihuana. He further testified that the substance handed police officers by appellant at his home contained 965 grams of marihuana. The substances of both exhibits were admitted into evidence over appellant's objection that they were seized during an illegal search.

Appellant testified only at the hearing on his motion to suppress and did not testify during the trial before the jury. His testimony was that he was stopped by Officers Collins and Zavalla at gun point and that his car was searched. He further testified that he did not voluntarily consent to a search of his home but on the contrary retrieved the "paper barrel" of marihuana for the officers only after they had threatened him.

Appellant does not attack the validity of the search of his automobile, insisting that no marihuana was found there. Rather, as previously stated, he asserts that the State failed to meet its burden of showing the search of his house to be legal when it did not establish that his consent to search was given with the knowledge that it could be withheld. The thrust of appellant's ground of error, therefore, is that there could not have been a knowing and intelligent waiver of appellant's right to refuse his consent unless it is shown that the officers conducting the search informed appellant of his right to refuse such consent. In support of this proposition, appellant cites the case of Bustamonte v. Schneckloth, 9 Cir., 448 F.2d 699. While cognizant of the fact that this decision was reversed by the United States Supreme Court in Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854, we observe that this decision is not in point in view of the Supreme Court's language in the *Schneckloth* decision restricting that holding to only those cases in which the subject of the search is *not* in custody.

"Our decision today is a narrow one. We hold only that when the subject of a search is *not* in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied." Schneckloth v. Bustamonte, supra.

Here of course the appellant was in custody and it is now axiomatic that when the State seeks to justify a warrantless search and seizure upon the consent of the accused the State has the burden of proving by clear and convincing evidence that the consent was freely and voluntarily given. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); Paprskar v. State, Tex.Cr.App., 484 S.W.2d 731. But the fact that appellant was under arrest at the time does not vitiate his consent provided it was freely and voluntarily given. Valerio v. State, Tex.Cr.App., 494 S.W.2d 892; Weatherly v. State, Tex.Cr.App., 477 S.W.2d 572; Brown v. State, Tex.Cr.App., 443 S.W.2d 261. Testimony by the two officers who searched appellant's house established that appellant voluntarily took them to his garage and showed them the "paper barrel" of marihuana was sufficient evidence from which the trial court could have concluded that appellant's consent was voluntarily given. Further, it is not required as appellant urges that the State prove that appellant was informed by the officers conducting the search of his right to refuse consent. Clark v. State, Tex.Cr.App., 483 S.W.2d 465; Valerio v. State, supra.

Appellant's first ground of error is without merit and is overruled.

In his second ground of error, appellant insists that the search of his home exceeded the permissible scope of a search incident to an arrest under Chimel v. California, supra. We find this ground of error also to be without merit in view of the testimony of the two officers present at the time of the search who stated that appellant voluntarily took them into his garage and showed them the "paper barrel" of marihuana. The search having been conducted with the appellant's consent, the rule of *Chimel* would thus not be relevant or applicable. Appellant's second ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.