Joe A. **HEREDIA, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 50315.

Court of Criminal Appeals of Texas.

Oct. 29, 1975.

Lamoine Holland, San Antonio, for appellant.

Ted Butler, Dist. Atty., John Hrncir, Fred Rodriguez and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted of burglary; punishment, enhanced under Article 63, V.A.P.C., was assessed at life.

The sufficiency of the evidence is not challenged.

In his first ground of error, appellant asserts:

"The trial court committed reversible error in overruling Defendant's Motion to Suppress Evidence in finding Defendant gave effective consent to search when without having been apprised of any rights whatsoever, Defendant, if he did consent, did so only after he had been accused of a criminal offense."

The record reflects that appellant, while driving an automobile, was stopped for a traffic violation. After the officer issued a citation, appellant started to leave the scene. The officer then received a radio report of a recent burglary in the vicinity, and called appellant to question him about the reported offense. The officer stated he suspected appellant might be connected to the burglary because the initial stop had been made due to the speedy and reckless manner in which appellant was driving away from the location of the reported burglary, some three to five blocks away. He further testified that upon confronting ap-

pellant with the grounds for his suspicions, appellant invited the officer to take him to the scene of the offense for possible identification, and also invited the officer to search his person and to search the automobile.

■ Although appellant testified that no consent was given, the trial court was the sole judge of the credibility of the witnesses and the facts on the motion to suppress. The evidence supports the trial court's finding that the search was authorized by appellant's consent. The record does not support appellant's contention that he was the one accused of a crime at the time of the search but, to the contrary, reveals that he was only under suspicion. Furthermore, even had appellant been accused of the burglary, we find that appellant did not merely consent to a request to search, but in fact invited the search, apparently in an effort to dispel suspicion. We decline to hold that in the face of an invitation to search, an officer must interrupt a suspect and warn him that he need not consent to the search. Cf. *Ribble v. State*, Tex.Cr. App., 503 S.W.2d 551; *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

Appellant's first ground of error is overruled.

Next, appellant contends he was denied assistance of counsel when the court permitted voir dire of the jury panel in the absence of defense counsel.

■ The voir dire of the jury panel is not in the record. Appellant sought to preserve error by producing evidence at the hearing on the Motion for New Trial showing the course of events. It is there established in the record that the first five members of the panel were examined on the afternoon before the events complained of. The court directed that the proceedings would resume at 9:00 a. m. the next day. Voir dire resumed at 9:01 a. m. and counsel arrived two or three minutes later, during the State's examination of the sixth member of the panel. Appellant was not denied the right

to examine the sixth member of the panel and, in fact, as reflected elsewhere in the record, exercised one of his peremptory challenges on that member. The ground of error is overruled.

In his third ground of error, appellant argues the trial court erred in overruling his objection to the introduction of a judgment and sentence in cause number S–62442 in the 175th District Court of Texas entered September 23, 1963, which objection was for lack of evidence establishing the identity of appellant and the Jose Americo Heredia named in those instruments.

Evidence had been introduced by documents from the Texas Department of Corrections establishing that Jose Americo Heredia was convicted in cause number S–62442 in the 175th District Court on September 23, 1963, of forgery. Fingerprint evidence established the identity of appellant and the person whose conviction was so proven. The indictment in the instant case, however, alleged for enhancement purposes that appellant was previously convicted of passing as true a forged instrument, on September 23, 1963, in cause number S–62442 in the 175th District Court. Because of the variance between the prior offense as alleged and the prior offense as proven, to-wit: passing as true a forged instrument and forgery, the State sought to prove the true offense for which appellant had been convicted in cause number S–62442 in the 175th District Court on September 23, 1963, and to prove that the offense as stated in the records of the Texas Department of Corrections constituted a clerical error. To make such proof they called the deputy district clerk assigned to the 175th District Court and by her introduced the documents complained of on appeal.

■ Identity had been proven previously, and the documents complained of were offered only to establish the true offense and show the clerical errors in the previously introduced documents. Appellant's objection was without merit and the ground of error is overruled.

In his final ground of error, appellant argues that he is entitled to a new trial because of jury misconduct during the deliberations on punishment.

Appellant asserts, the evidence adduced at the hearing on the motion for new trial shows, and the State in its brief concedes, that during punishment deliberations a statement was made by one of the jurors that a life sentence means only seventeen years.

The State contends that before reversal will be ordered for jury discussion of the parole law it must appear that the juror who makes such a statement must profess to know the law. With this statement we cannot agree, even though in *Powell v. State,* Tex.Cr.App., 502 S.W.2d 705, 711, we stated, "It must be shown that the statement was a misstatement of the law and that the juror relied upon this misstatement as an asserted fact."[1]

Through the years various standards have been asserted to be the test for ascertaining whether jury discussions constitute reversible error.

In *Montello v. State,* 160 Tex.Cr.R. 98, 267 S.W.2d 557 (1954), the conviction was affirmed upon the finding that the statement was not made as a declaration of fact, nor was there any testimony that any juror was influenced or affected by the discussion. It was observed that commutation of time for good conduct and the executive power to grant pardons and paroles were of common knowledge. It was not held that a defendant must show *both* that the statement was declared as fact and that a juror was influenced or affected by the discussion to demonstrate reversible error. The converse is implied in the holding that, having shown *neither,* the judgment must be affirmed.

In *Roberson v. State,* 160 Tex.Cr.R. 381, 271 S.W.2d 663 (1954), and later in *Johnson v. State,* 165 Tex.Cr.R. 237, 305 S.W.2d 606 (1957) and *Napier v. State,* 166 Tex.Cr.R. 361, 314 S.W.2d 102 (1958), it was stated that the proper question on appeal "is to determine whether or not the information which was received by the jury was untrue *or* was harmful to appellant." (Emphasis added.) The two tests were thus stated to be alternative, not cumulative.

*De La Rosa v. State,* 167 Tex.Cr.R. 28, 317 S.W.2d 544 (1958), affirmed the conviction on facts which showed:

"1. That the jurors voted guilty unanimously.

"2. Thereafter some of the jurors questioned the length of time that defendant would be in the penitentiary if sentenced to a number of years and the note was sent to the judge.

"3. None of the jurors professed to know the provisions of the law, but knew that it was common practice for prisoners to be released from the penitentiary prior to the expiration of the full calendar time which the jury assessed.

"4. After being instructed by the court in answer to their inquiry, the matter was not further discussed."

It will be seen that under such facts neither of the alternative elements stated in *Montello,* supra, was shown, and, likewise, neither of the alternative elements stated in *Roberson,* supra, was shown. On Motion for Rehearing, however, it was asserted that "only where such discussion is an incorrect statement of the law" will reversal be ordered, citing *Jackson v. State,* 157 Tex. Cr.R. 323, 248 S.W.2d 748 (1952). *Jackson,* however, reversed the conviction because the affidavit in support of the motion for new trial was held sufficient to support the allegations of jury misconduct. Although the affidavit therein alleged a misstatement of law asserted as fact believed by the juror, the court did not hold that all such elements must be shown to demonstrate

---

1. Despite that dictum, we are still of the opinion that *Powell,* supra, was properly decided, the factual issue of what actually occurred in the jury room having been decided adversely to the defendant's contention.

jury misconduct requiring reversal. The elements were held sufficient to show such misconduct, but were not held necessary for such a showing.

*Jackson,* supra, in turn, cited *Price v. State,* 150 Tex.Cr.R. 161, 199 S.W.2d 168 (1947), as an instance where reversal was ordered because one juror gave an incorrect version of the indeterminate sentence law to other jurors. The opinion in *Price,* supra, however, stated that the comment of the juror had the effect of bringing about a greater punishment, and concluded that under the facts the defendant was deprived of a fair trial. Then on Motion for Rehearing it was added, as if to emphasize the wrong, that not only had a juror advised the others as to the applicability of the indeterminate sentence law, but he had done so incorrectly. It was also pointed out that the State was not permitted to argue the effect of such law to the jury, and that therefore certainly a member of the jury could not do so. The opinion on rehearing, however, did not suggest that these points made to emphasize the error were essential elements to show reversible error. In fact, the statement "We remain convinced of the correctness of our original conclusion" can only mean that the defendant therein was deprived of a fair trial because the comment of the juror had the effect of bringing about a greater punishment, and this regardless of whether it was a misstatement of the law or not.

*De La Rosa,* supra, was cited in *Johnson v. State,* Tex.Cr.App., 418 S.W.2d 834 (1967) for the proposition that reversal will be ordered only where the discussion involves an incorrect statement of the law. Finding no such misstatement, the judgment was affirmed.

*Edwards v. State,* Tex.Cr.App., 427 S.W.2d 629 (1968), in turn affirmed the judgment upon finding that there was neither a misstatement of the law nor did anyone profess to know the law, but without stating whether both such elements must be shown or whether either alone will require reversal. *Jones v. State,* Tex.Cr. App., 462 S.W.2d 578 (1971), however, reasserted the *De La Rosa on Motion for Rehearing* test in no uncertain terms: even if it be shown that one or more jurors changed their votes as a result of discussion of the parole law, such discussion will not be reversible error "unless it be shown that the statement was a misstatement of the law."

*Demolli v. State,* Tex.Cr.App., 478 S.W.2d 554 (1972), added to the *Jones* requirement: not only must there be a misstatement of the law, but the speaker must profess to know the law. This two-prong assertion was repeated in *Daniel v. State,* Tex.Cr. App., 486 S.W.2d 944 (1972), and in *Brewer v. State,* Tex.Cr.App., 500 S.W.2d 509 (1973). In *Powell v. State,* Tex.Cr.App., 502 S.W.2d 705 (1974), a variation was announced: there must be a misstatement of the law and the misstatement must be relied upon as true by some other juror. Whether the speaker actually asserted it as true or professed to know the law was not mentioned as an element.

Turning now to some of the cases where reversal was ordered on a contention such as that under discussion, in *Spriggs v. State,* 160 Tex.Cr.R. 188, 268 S.W.2d 191 (1954), the statement was held to constitute "the giving of testimony to the jury—testimony which was clearly wrong," and reversal was ordered upon the authority of *Price v. State,* discussed above.

*Mays v. State,* 167 Tex.Cr.R. 339, 320 S.W.2d 13 (1959), and later *Moore v. State,* 171 Tex.Cr.R. 182, 346 S.W.2d 349 (1961), both citing *Roberson,* supra, stated the issue to be whether the other testimony received after retirement was untrue *or* harmful to the defendant, implying that, even if true, testimony received after retirement, if harmful, will require reversal. In *Mays* it was specifically stated if the statements are untrue, the mere making of them would constitute misconduct warranting reversal.

In *Scaling v. State,* Tex.Cr.App., 499 S.W.2d 318 (1973), reversal was ordered on

facts that showed a misstatement of law had the effect of increasing punishment.

The cases discussed establish that there has been an inconsistency of standards. Authority may be cited for a standard requiring a showing that (1) a misstatement of the law (2) asserted as fact (3) by one professing to know the law (4) which is relied upon by other jurors (5) who for that reason change their vote to a harsher punishment, before reversible error is shown; but likewise authority may be cited which would require only a showing that a statement on the parole law was made and it was either untrue or it was harmful. Much distance lies between these extremes.

In determining the law on this matter, we turn to the statutory foundation upon which the issue ultimately rests. Article 40.03, V.A.C.C.P., provides in part:

"New trials, in cases of felony, shall be granted for the following causes, and for no other:

\*    \*    \*    \*    \*    \*

"7. Where the jury, after having retired to deliberate upon a case, has received other testimony; . . .

"8. Where, from the misconduct of the jury, the court is of opinion that the defendant has not received a fair and impartial trial. . . ."

Does jury discussion of the parole law requiring reversal constitute receiving other testimony after retiring to deliberate or misconduct that has deprived the defendant of a fair and impartial trial? Some decisions ordering reversal have indicated one ground, some the other. In *Mays v. State,* supra, the court concluded:

"Under the record *we are of the opinion* that the incorrect statement made by the unidentified juror and the discussion by the jury *constituted such misconduct that appellant has not received a fair and impartial trial.*" (Emphasis added.) 320

S.W.2d, at 15. (Compare with language of the statute.)

On the other hand, in *Spriggs v. State,* supra, the court stated:

"Also the contention is raised that a new trial should have been granted under Section 7 of Article 753, C.C.P. [of 1925, now Art. 40.03, Sec. 7, V.A.C.C.P.].

\*    \*    \*    \*    \*    \*

"The statement of the unidentified juror constituted the giving of testimony to the jury . . ." 268 S.W.2d, at 192.

And in *Montello v. State,* supra, the conviction was affirmed after finding neither prohibition violated:

"We find no such *receipt of new evidence or misconduct of the jury* in regard to the discussion of the newspaper article as to call for reversal." (Emphasis added.) 267 S.W.2d, at 559.

We hold that either principle may apply, depending upon the facts of the case. We adhere to those pronouncements in prior decisions that it is common knowledge that from time to time inmates of the Texas Department of Corrections are released on parole. E. g., *Taylor v. State,* Tex.Cr. App., 420 S.W.2d 601. Consequently, the mere mention of this common knowledge would not constitute the receipt of other evidence, nor would a further discussion of it constitute receiving new evidence any more than discussion of any other matter of common knowledge by the jury.[2] On the other hand, information may be given to the jury, by a juror or someone else, which would constitute receiving other evidence. Information which would constitute other evidence would include, for example, a juror relating his personal knowledge of some particular case from which the jury might then try to "figure out" what the parole law is. Also, a misstatement of the law, by being incorrect, would constitute other evi-

---

2. However, such further discussion may well constitute jury misconduct requiring reversal, as is further discussed below.

dence, since by being false it certainly could not be classified as "common knowledge." See e. g., *Moore v. State,* 171 Tex.Cr.R. 182, 346 S.W.2d 349. The receipt of such other evidence, even if nothing further be shown such as would constitute misconduct requiring a new trial under Section 8, on a proper set of facts[3] could require reversal under Section 7.

█ Distinct from the receipt of new evidence, discussion of the parole law, although common knowledge, would in every case constitute jury misconduct since the parole law is not for the jury's consideration.[4] But not all such misconduct necessarily denies the defendant a fair and impartial trial, and it is that standard which determines whether a new trial is required for misconduct under Section 8 of Article 40.03, supra. For example, the mere mention of the parole law would not be such misconduct as would require a new trial. Likewise, a discussion of the parole law, followed by instructions that it should not be discussed, coming from the court in response to a message from the jury or coming from a juror, after which it is not further discussed, would not be such misconduct as to require a new trial. See e. g., facts in *De La Rosa v. State,* supra, quoted above. What does constitute such degree of misconduct as to deny the defendant a fair and impartial trial must be determined upon the facts of the individual case.

We now examine the facts in this case to determine whether appellant is entitled to a new trial under either of the statutory grounds stated above. The record of the

hearing on the motion for new trial shows that after the complained of statement the jury foreman promptly instructed the jurors that it would not be proper for them to consider the extraneous information communicated to them. It further reflects that thereafter the matter was not discussed.

█ If the statement be considered "other testimony" under Article 40.03(7), V.A.C.C.P., in view of the prompt instruction by the foreman and the fact that it was not thereafter discussed, we conclude that it cannot be construed as having been "detrimental to appellant." *Marquez v. State,* 172 Tex.Cr.R. 363, 356 S.W.2d 797; *Grizzell v. State,* 164 Tex.Cr.R. 362, 298 S.W.2d 816. We likewise conclude, from the same considerations, that the statement complained of did not constitute misconduct depriving appellant of "a fair and impartial trial" under Article 40.03(8), supra. E. g., *De La Rosa v. State,* supra.

The ground of error is overruled.

The judgment is affirmed.

MORRISON, J., concurs in the affirmance of this conviction.

DOUGLAS, J., not participating.

█

---

3. Not every showing of such receipt of other evidence would require reversal. See e. g., *Grizzell v. State,* 164 Tex.Cr.R. 362, 298 S.W.2d 816, 822, on motion for rehearing; *Marquez v. State,* 172 Tex.Cr.R. 363, 356 S.W.2d 797.

4. The trial court properly charged: ". . . you should not in deliberating as to punishment discuss how long this Defendant would be required to serve in order to satisfy the sentence imposed." The determination to grant parole, if and when made, rests upon many facts and events not known to the jury, not proper for consideration by the

jury, and not having occurred at the time of trial. Article 42.12, Sec. 12 et seq., V.A.C.C.P. The decision to parole, if and when made, is beyond the province of the courts (except, of course, complaints of denial of constitutional or statutory rights in consideration for parole may be raised by petition to the courts, e. g., by habeas corpus) and therefore of the jury, and is exclusively a matter within the province of the executive branch of government, under proper regulation by the legislative branch. Article IV, Section 11, Texas Constitution.