Bill SWEED, Appellant,

v.

The STATE of Texas, Appellee.

No. 51990.

Court of Criminal Appeals of Texas.

June 30, 1976.

Bart Cox, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and William E. Moody, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

The jury found appellant guilty of burglary of a habitation under an indictment which contained an enhancement paragraph charging that appellant had theretofore been convicted of a felony. The jury assessed his punishment at confinement for twenty-five years.

Appellant does not challenge the sufficiency of the evidence; and, under our view of the record, we need discuss only appellant's second ground of error complaining of the jury's discussion of the law of parole while deliberating upon his punishment. Strangely, neither council mentions our opinion in *Heredia v. State,* 528 S.W.2d 847 (Tex.Cr.App.1975), which we find to be dispositive of the case.

It was established upon the hearing of the amended motion for new trial that the jury violated the court's instructions[1] not to consider the law of parole in their deliberation. Juror Dennis S. Wagner, Jr., testified that during their deliberations on punishment there was a lengthy discussion as to what portion of any sentence appellant would have to serve. One juror, according to Wagner, professed to know the law of parole, *as it related to juveniles,* and stated that appellant would have to serve only about a third of any period fixed by the jury. Wagner said that this discussion, some of which is set out in the margin,[2] caused him to agree to an increase of the punishment from fifteen years to twenty-five years.

■ State's counsel argues that under the rationale of *Jones v. State,* 462 S.W.2d 578 (Tex.Cr.App.1970), reversible error can be shown only when the law has been incorrectly stated by a juror who professes to know the law. This rule was repudiated in *Heredia,* supra,[3] where the development of the rule was explained in this language:

"*Demolli v. State,* Tex.Cr.App., 478 S.W.2d 554 (1972), added to the *Jones* requirement: not only must there be a misstatement of the law, but the speaker must profess to know the law. This two-prong assertion was repeated [in two later cases]. In *Powell v. State,* Tex.Cr. App., 502 S.W.2d 705 (1974), a variation was announced: there must be a misstatement of the law and the misstatement must be relied upon as true by some other juror. Whether the speaker actually asserted it as true or professed to known the law was not mentioned as an element." (528 S.W.2d at 851)

■ Under the undisputed record which we review, the jury did discuss the law of parole during their deliberations upon the punishment of appellant; they did receive erroneous information as to the law on the subject;[4] at least one of the jurors [Wagner] voted to increase the punishment after receiving such information. We follow *Price v. State,* 150 Tex.Cr.R. 161, 199 S.W.2d 168 (1946), as explained in *Heredia,* supra, saying: We are convinced that the appellant was deprived of a fair trial be-

---

1. "During your deliberations you are not to consider or discuss the indeterminate sentence law or the possible actions of the Board of Pardons and Paroles or how long the defendant will be required to serve the punishment which you assess."

2. "Q. What was the statement that was made, or the various statements, as to how long he would serve?

"A. It came up that if he was given fifteen years, the Defendant would spend five; and, if he was given twenty-five he would actually have to spend nine or five depending upon the length of the term given."

3. This is the language of the rejection in *Heredia,* supra: "The State contends that before reversal will be ordered for jury discussion of the parole law it must appear that the juror who makes such a statement must profess to know the law. With this statement we cannot agree,..." (528 S.W.2d 850).

4. The statement that appellant need serve only a third of his sentence is palpably erroneous since many other factors enter into a determination of eligibility to parole. See Art. 42.12, § 15, subdivisions (a) and (c), V.A.C.C.P.

Assuming, arguendo, appellant established his eligibility to parole, the statement that he would serve only nine years if assessed a 25-year sentence, is incorrect. Art. 42.12, § 15, subdivision (a), supra.

cause the comment of the juror had the effect of bringing about a greater punishment, and this regardless of whether it was a misstatement of the law or not. (See 528 S.W.2d at 851, discussing the holding in *Price*.)

While not every showing of the receipt of other evidence by the jury during their deliberations will require a reversal [*Heredia,* supra (528 S.W.2d at 853, fn. 3)], information given to the jury during their deliberations which is a misstatement of the law, constitutes "other-testimony, as defined in Article 40.03, subdivision 7, V.A. C.C.P. Under this undisputed record, the misstatement of the law permeated the jury deliberation and, unlike *Heredia,* it was not stopped by the foreman. We have determined from this record that the misconduct constituted such degree of misconduct as to deny the appellant "a fair and impartial trial." Article 40.03, subdivision 8, V.A.C.C.P.; *Heredia,* supra.

Because of the misconduct of the jury,[5] the judgment of the trial court must be reversed. In view of the possibility of another trial, we suggest that it would be appropriate to remove the legend "4–16–71" from the mug shot introduced in evidence upon this trial. See and compare *Harlan v. State,* 416 S.W.2d 422, 423 (Tex. Cr.App.1967). See also, *Richardson v. State,* 536 S.W.2d 221, 223 (Tex.Cr.App. 1976).

Reversed and remanded.

Approved by the Court.

---

5. Wagner's testimony stands unrebutted and unchallenged in our record. Thus, the trial court was not in position to disregard such testimony in making his finding; and, it follows that the court erred in overruling the motion for new trial complaining of the misconduct of the jury. *McDaniel v. State,* 165 Tex.Cr.R. 402, 308 S.W.2d 24, 26 (1957); *Stallworth v. State,* 148 Tex.Cr.R. 255, 186 S.W.2d 252, 255 (1945). See, also, *Hartman v. State,* 507 S.W.2d 557, 560–561 (Tex.Cr.App.1974).