Kenneth Franklin CROSS

v.

The STATE of Texas.

No. 2–81–033–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 20, 1982.

Gary P. Patton, Denton, for appellants.

Jerry Cobb, Dist. Atty., and Bruce F. Baxter, Asst. Dist. Atty., Denton, for appellees.

Before HUGHES, JORDAN and BROWN, JJ.

OPINION

HUGHES, Justice.

Kenneth Franklin Cross has appealed his second conviction for driving while intoxicated. He received a sentence of five years in the Texas Department of Corrections.

We reverse and remand.

The jury returned its verdict of guilty on January 9, 1979. Ten days later the appellant filed a sworn motion for new trial alleging, *inter alia*, jury misconduct. Attached to the motion for new trial were two affidavits—one from a member of the jury panel and another from a non-member.

The trial court refused the appellant's request that a hearing on the motion for new trial be conducted and overruled the same. The appellant has raised a ground of error attacking the trial court's ruling on this matter.

Carol Narsutis, a member of the jury panel, swore to the following in her affidavit:

"I, Carol Narsutis, served as a juror in the 16th Judicial District Court on January 15th and 16th, 1979, in Cause No. 15,121–A, styled *The State of Texas vs. Kenneth Franklin Cross.* During the jury deliberations on punishment in this cause one of the jurors whose name is unknown to me revealed information during deliberations to each member of the jury that he was familiar with the Texas Department of Corrections and that they had excellent rehabilitation programs. It was also discussed among the jurors that if Mr. Cross were given five years in the Texas Department of Corrections that he would probably not have to serve that entire time, but would be released early. This evidence presented in the jury room affected my decision to give Kenneth Cross five years in the Texas Department of Corrections rather than some lesser penalty that was available for the jury to assess. The above mentioned evidence caused me to vote for a more severe penalty than I would have voted for otherwise."

We hold that the affidavit of Ms. Narsutis was sufficient to support the allegations of jury misconduct; therefore the trial court was not warranted in declining to hear testimony thereon.

Our holding is based upon the case of *Jackson v. State*, 248 S.W.2d 748 (Tex.Cr. App.1952) wherein it was held that a juror's affidavit was sufficient to justify a hearing. The trial court's denial of a hearing there resulted in a reversal and remand. It appears that the holding in *Jackson* was influenced by an apparent misstatement of the law asserted as fact. However, the court in *Heredia v. State*, 528 S.W.2d 847, 853 (Tex. Cr.App.1975) explained that although the affidavit in *Jackson* alleged a misstatement of law asserted as fact which was believed by a juror, it was not the holding of *Jackson* that all such elements must be shown to demonstrate jury misconduct. Inasmuch as *Jackson* involved the refusal of a hearing, we do not perceive a conflict with the holding of *Beck v. State*, 573 S.W.2d 786 (Tex. Cr.App.1978).

This statement from *Heredia* is particularly pertinent:

"Distinct from the receipt of new evidence, discussion of the parole law, although common knowledge, would in every case constitute jury misconduct since the parole law is not for the jury's consideration. But not all such misconduct necessarily denies the defendant a fair and impartial trial.... What does constitute such degree of misconduct as to deny the defendant a fair and impartial trial must be determined upon the facts of the individual case."

By refusing to conduct a hearing despite the sworn affidavit of Ms. Narsutis the trial court denied the appellant an opportunity to present facts upon which it could be determined whether a fair and impartial trial was had.

The appellant's ground of error relating to his motion for new trial is sustained. We have considered the remaining grounds of error and find them to be without merit.

The judgment of the trial court is reversed and the cause is remanded.