**James Charles WASHINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00062–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 10, 1982.

David K. Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Michael A. Kuehr, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before CADENA, C. J., and BUTTS and CLARK, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for the offense of aggravated robbery. The jury found appellant guilty of the offense charged and found the enhancement paragraph to be true. See Tex.Penal Code Ann. § 12.42(c) (Vernon 1974). The jury assessed punishment at confinement for a term of eighty-five (85) years. A discussion of the evidence is not necessary to the disposition of the case and will be omitted.

In his sole ground of error, appellant contends that the trial court reversibly erred in overruling his motion for new trial because the jury committed material misconduct by discussing how long appellant would be required to serve in order to satis-fy the sentence imposed upon him. At the hearing on appellant's motion for new trial, six of the jurors testified in support of his motion for new trial. The State presented one juror and submitted affidavits of five other jurors.

Juror Knoll testified that after the first vote during deliberations on punishment, the jurors were divided as follows: some for ninety-nine years, others for eighty years and still others for seventy-five years. After a discussion, they compromised at a sentence of eighty-five years. She further testified that she knew there was some discussion about how much time appellant would serve if he was given so many years, but she could not recall whether there was any discussion of the parole laws. On cross-examination, Knoll stated that it was a full, fair and free exercise of the opinions of the individual jurors to arrive at a compromise and that no one represented to the other jurors that he knew the law of parole.

Juror Gorton also testified that a compromise of eighty-five years was made by the jurors, but she did not know whether anyone suggested that number of years. She stated that there was some mention of the number of years a defendant would have to serve in order to complete the sentence imposed but that it was not really discussed. She further stated that there was no representation by any one of the jurors that he knew the law of parole.

Juror Gutierrez voted for eighty-five years and could not remember any discussion concerning how long the defendant would have to serve. Gutierrez stated that there was some discussion about other crimes that appellant might have committed but that those discussions did not enter into their deliberations when they were determining appellant's guilt or innocence.

Juror Balderas testified that he did not recall any juror's suggesting that they reach a compromise. He also stated that the parole laws were not actually discussed, but that they were mentioned only because the pen packet introduced into evidence showed that appellant came out earlier than he should have. Elaborating further, Bald-

eras stated that no one declared he knew the law regarding parole nor did anyone profess to know how long someone would serve if given a certain sentence. Balderas stated that he, as well as the other jurors, relied only upon the evidence in assessing the number of years.

Juror Jimenez testified that after the first vote, where there were disparities in the number of years, the jurors just decided to vote again. He stated that upon the second vote, somebody said eighty-five years and everybody "went around and asked if eighty-five would be okay and then said all right." Jimenez said that he increased his own vote of seventy-five by ten years because the jurors agreed on it. On cross-examination, Jimenez testified that the jurors did not discuss the case in arriving at the eighty-five year figure, but that the decision was made by a full, fair and free exercise of the opinions of the individual juror.

The State presented juror Cheaney who testified that there was very little discussion of parole and that no one professed to know the law regarding it. Cheaney stated she reached her second figure of eighty-five from the evidence she heard from the witness stand, the evidence given to them to take into the jury room and the law given by the court. On cross-examination, Cheaney further stated that only a brief discussion occurred regarding the pen packet, and that it did not influence her decision to vote for eighty-five years.

The five affidavits introduced into evidence by the prosecutor stated substantially similar facts:

> ... that while [sic] deliberations as to punishment, before any verdict was reached by the jurors, there was a suggestion made by one of the jurors to compromise on a certain punishment, however, there was no agreement to be bound by this compromise and further, it didn't change the verdict and the penalty assessed was not done by lot, chance or any system of averages or any other method other than a full, fair and free exercise of the opinion of the individual

jurors based on the facts we had heard at the trial.

> There were not any discussions as to how long the defendant would be required to serve in prison for whatever sentence was imposed by the jury until after the verdict of 85 years had been agreed upon by the jury and further, this did not change my vote.

> I arrived at my own verdicts at both phases at the trial based solely from the evidence presented during the trial and by the law given to me by the court. To my knowledge, this was done by all of the other jurors. Matters which were excluded by the court and other matters not in the record were not considered in reaching my verdict.

Juror Goetz averred that there was a discussion of parole, however, no juror professed to know the law. He swore he did not rely on this discussion, and it did not change his vote.

An examination of the testimony and affidavits of the various jurors summarized above, reveals that there was a mention or brief discussion of the parole laws. Although not every mention of the law requires reversal, jury discussion of the parole laws is always misconduct; whether the same constitutes such error as to mandate reversal depends upon the particular circumstances of each case. *Jones v. State*, 596 S.W.2d 134, 137–138 (Tex.Cr.App.1980); *Sanders v. State*, 580 S.W.2d 349, 351 (Tex. Cr.App.1978); *Moore v. State*, 535 S.W.2d 357, 358 (Tex.Cr.App.1976); *Heredia v. State*, 528 S.W.2d 847, 852 (Tex.Cr.App. 1975).

In determining whether a discussion of parole laws is reversible error the court in *Jones v. State, supra,* stated:

> ... After grappling with various tests and measures to decide whether misconduct in discussing the parole law is reversible error, in *Heredia v. State*, 528 S.W.2d 847, 850–853 (Tex.Cr.App.1975) this Court reverted to application of principles statutorily provided in Article 40.-03(7) and (8), V.A.C.C.P., and distilled a twofold approach: whether the jury re-

ceived "other testimony" detrimental to the accused or whether the degree of misconduct is such as to deny the accused a fair and impartial trial.

596 S.W.2d at 138.

We hold that under the facts of the instant case, the mention of the parole law did not deny appellant the right to a fair and impartial trial. Appellant cites *Sanders v. State*, 580 S.W.2d 349 (Tex.Cr.App. 1979) in support of his position. We find *Sanders* to be distinguishable. First, the discussion of the parole laws in *Sanders, supra*, at 351, was a lengthy one, whereas in the present case there was merely a mention of the parole laws. Second, a juror in *Sanders, supra*, at 351, professed to know the law of parole, unlike the case at bar in which all jurors and affidavits stated that no one professed to know the law of parole. "Where there was no showing that a juror professed to know parole law and made a misstatement of the same, affidavits attesting to some discussion were not grounds for reversal." *Daniel v. State*, 486 S.W.2d 944, 946 (Tex.Cr.App.1972); *Demolli v. State*, 478 S.W.2d 554, 555 (Tex.Cr.App.1972).

There being no reversible error, the judgment is affirmed.