Benny Joe SNEED, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0005–CR.

Court of Appeals of Texas,
Amarillo.

Nov. 25, 1981.

Rehearing Denied Dec. 17, 1981.

Discretionary Review Refused
Feb. 17, 1982.

Mann & McConnell, John Mann, Amarillo, for appellant.

Bruce Roberson, County Atty. and William Rivers, Perryton, for appellee.

Before REYNOLDS, C. J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Appellant Benny Joe Sneed appeals from his conviction for murder; the punishment was assessed by the jury at 10 years confinement in the Texas Department of Corrections. Undisputed jury misconduct requires a reversal and remand.

The State's evidence at the guilt-innocence stage of the trial shows, in brief, that on 7 May 1979 at approximately 10 p.m., the deceased, Lonnie Mead, went uninvited to the home of appellant and his wife. An argument ensued between the deceased and appellant over the affections of appellant's wife. Appellant left the room, returned with a revolver and, from a rearward position, shot the deceased. Mead died from the gunshot wound.

First addressed is appellant's second ground of error by which he contends the trial court erroneously denied his amended motion for new trial based, in part, on jury misconduct. At the hearing on the motion, supported by the affidavits of three jurors, it was indisputably established that the jury violated the court's instruction not to consider, in deliberating on the sentence to be assessed, the length of time appellant would be required to serve.[1]

Given the violation and character of the jury's discussion, as later noticed, appellant asserts that the discussion of parole law[2] during jury deliberations at the punishment stage of the trial constituted receipt of other evidence by the jury in violation of Tex. Code Crim.Proc.Ann. art. 40.03(7) (Vernon 1979). He further asserts that the discussion of the parole law, the result of which led to increased punishment, amounted to such jury misconduct that he was denied a fair and impartial trial. Tex.Code Crim. Proc.Ann. art. 40.03(8) (Vernon 1979).

The State responds that the discussion by the jury of the parole law did not constitute the receipt of other evidence. Citing *Beck v. State,* 573 S.W.2d 786 (Tex.Cr.App.1978), for the proposition that in order for discussion of the parole law by the jury to constitute "other testimony," the statements must have been made (1) by someone who professed to know the law and (2) were misstatements of the law, the State submits that no juror said what the law really was. Alternatively, the State contends that appellant was not harmed as a result of the discussion. No harm resulted, the State argues, because appellant received only a 10-year sentence rather than, by application of the proper parole law, one in excess of 20 years required to accomplish the 5 years confinement desired by the testifying jurors.

The violation and its extent were established by the testimony of the three jurors who had made affidavits in support of appellant's amended motion for new trial. None of the other jurors was called to testify, and the State presented no witnesses on the issue.

Juror Rock testified that during deliberations at the punishment stage, an unidentified juror stated that a prison year was only 7 months. She testified that the jury voted at least four times on punishment and that she increased her vote from five to ten years confinement because of the discussion.[3]

Juror O'Quin testified that the jury voted on appellant's punishment five times. He stated that an unidentified juror told the jury that in most cases a prisoner would only serve one half of the punishment assessed.[4] Prior to the discussion Juror O'Quin voted for 5 years and, after the discussion, he voted for a 10-year penitentiary term because of the discussion.

Juror Carroll testified that the jury voted six or seven times on punishment. She first voted for probation to insure a full and complete discussion of the punishment to be assessed. According to Juror Carroll, parole was discussed two or three different times for a total of 30 to 45 minutes with at

1. The trial court properly instructed the jury: "... you will not consider the amount of time a defendant will have to serve under any sentence you may assess, ..."

2. Actually, the word "parole" never was used in the jury deliberations; nevertheless, how much time appellant would serve on any sentence was discussed.

3. Juror Rock voted for 7 years on the second poll, and for 8 years on the third poll.

4. The statement that appellant would only serve half of his sentence is palpably erroneous. Tex.Code Crim.Proc.Ann. art. 42.12 § 15(a) & (c) (Vernon 1979).

least half of the jurors participating. She testified that she increased her vote from probation to 10 years confinement because of the discussion.

■ Although it is common knowledge that from time to time inmates of the Texas Department of Corrections are paroled, *Austin v. State*, 531 S.W.2d 615, 618 (Tex. Cr.App.1975), discussion of the parole law constitutes jury misconduct inasmuch as parole law is not for the jury's consideration. *Heredia v. State*, 528 S.W.2d 847, 853 (Tex. Cr.App.1975). To constitute reversible error, however, the misconduct must be that (1) the jury received "other testimony" detrimental to the accused, or (2) the degree of misconduct is such as to deny the accused a fair and impartial trial. *Jones v. State*, 596 S.W.2d 134, 138 (Tex.Cr.App.1980).[5]

■ In the case at bar, it affirmatively appears from the record that the parole law was discussed extensively without constraint, and that at least three jurors increased appellant's punishment because of the discussion. The uncontradicted affirmation is that appellant's punishment was increased in expectation that clemency powers would be exercised.[6] The effect is to deny appellant a fair and impartial trial. *Sanders v. State*, 580 S.W.2d 349, 351–53

(Tex.Cr.App.1978). We conclude, therefore, that the jury discussion of the parole law was detrimental to appellant and did constitute such misconduct as to deprive him of a fair and impartial trial in violation of Tex. Code Crim.Proc.Ann. art. 40.03(8) (Vernon 1979). This conclusion requires a reversal of the judgment of conviction and, thus, we need not address the issue raised under Tex.Code Crim.Proc.Ann. art. 40.03(7) (Vernon 1979).

Among appellant's other grounds of error is one challenging the sufficiency of the evidence to sustain the conviction. The evidence is insufficient, appellant specifically contends, in that the State introduced his exculpatory statement and failed to disprove it. The failure, appellant argues, invokes the rule that when the State puts into evidence statements of the accused which exculpate him, and does not directly or indirectly refute them, the accused is entitled to an acquittal. *See Thompson v. State*, 621 S.W.2d 624, 628 (Tex.Cr.App. 1981); *Palafox v. State*, 608 S.W.2d 177, 181 (Tex.Cr.App.1979). Inasmuch as this ground of error, if sustained, would require an acquittal, it is incumbent on the court to address it even though reversal is required on another ground. *Hooker v. State*, 621 S.W.2d 597, 598–99 (Tex.Cr.App.1980).

---

5. *Jones v. State*, 596 S.W.2d 134 (Tex.Cr.App. 1980), notes that various tests had been used for ascertaining whether jury discussion of the parole law constituted reversible error. One standard required, for reversible error, a showing of (1) a misstatement of the law (2) asserted as a fact (3) by one professing to know the law (4) which is relied upon by other jurors (5) who for that reason change their vote to a harsher punishment. *Daniel v. State*, 486 S.W.2d 944, 946 (Tex.Cr.App.1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1433, 35 L.Ed.2d 692 (1973); *Beck v. State*, 573 S.W.2d 786, 790 (Tex.Cr.App.1978). Likewise, there was authority which required only a showing that a statement on the parole law was made and it was either untrue or harmful. *Scaling v. State*, 499 S.W.2d 318, 320 (Tex.Cr.App.1973); *Heredia v. State*, 528 S.W.2d 847, 852 (Tex.Cr.App. 1975); *Sweed v. State*, 538 S.W.2d 119, 120–21 (Tex.Cr.App.1976). Either standard applied, depending upon the facts of the case. *Heredia, supra*, at 852.

· The twofold approach of *Jones* was distilled from the provisions of Article 40.03, Texas

Code of Criminal Procedure, reading in pertinent part:

New trials, in cases of felony, shall be granted the defendant for the following causes, and for no other:

\*   \*   \*   \*   \*   \*

(7) Where the jury, after having retired to deliberate upon a case, has received other evidence . . . .

(8) Where, from the misconduct of the jury, the court is of the opinion that the defendant has not received a fair and impartial trial.

6. Punishment imposed to avoid the possible granting of parole by increasing punishment in anticipation of parole is improper. The determination to grant parole, if and when made, rests upon many facts and events not known to the jury and events which have not occurred at the time of the trial. The decision to grant parole is vested exclusively in the executive branch of government. *Sanders v. State*, 580 S.W.2d 349, 351 (Tex.Cr.App.1978); *Heredia v. State*, 528 S.W.2d 847, n.4 at 853 (Tex.Cr.App. 1975).

Appellant attempts to bind the State to a self-serving statement made by him as recounted in the testimony by Officer Robert Brines. The record reflects that when the police arrived at the scene of the murder, appellant told Officer Brines that he (appellant) "didn't mean to do it. It was an accident."

■ Accepting that appellant's statement implies his killing of the deceased, which he did not contest, we conclude that the State sufficiently rebutted appellant's claim of accident. A firearms expert testified that the weapon itself, a double action revolver, and its safety features were operating properly. In an uncocked position, the revolver requires pressure of 12–14 pounds on the trigger to cock the hammer and fire. The hammer may be manually cocked, after which the weapon can be fired by applying 4 to 6 pounds of pressure to activate the trigger. The expert was unable to make the weapon misfire.

This evidence adequately refutes, and thereby frees the State from being bound by, appellant's statement that the shooting was an accident. The evidence, otherwise unchallenged, is sufficient to sustain the conviction.

Appellant's remaining grounds of error include contentions that he was denied effective assistance of counsel and that the trial court erred in failing to charge the jury on the defense of accident and criminally negligent homicide. We pretermit a discussion of his other grounds because it is unlikely the same events will recur, at least in the same posture, upon another trial.

The judgment is reversed and the cause is remanded.