### GEORGE TUTT v. THE STATE.

No. 3520.    Decided January 17, 1906.

#### Theft From the Person—Robbery—Misconduct of Jury—Verdict.

Where upon an appeal from a conviction of robbery the record showed that while the jury were considering their verdict and before they had agreed thereon, one of the jurors remarked in the presence of his fellows that appellant's co-defendant had been convicted and given a term of ten years in the penitentiary and that the jury should not give defendant a less punishment; and that the jury afterwards arrived at a verdict of ten years, the conviction can not be sustained. Following: McWilliams v. State, 32 Texas Crim. Rep., 269.

Appeal from the District Court of Tarrant. Tried below before Hon. Mike E. Smith.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Parker, Dunn & Parker,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—In separate counts the indictment charges theft from the person and robbery. The State elected to rely upon the second count and appellant was convicted thereon, and his punishment assessed at ten years confinement in the penitentiary. The only question we deem necessary to review is the misconduct of the jury. Attached to the motion for new trial is the affidavit of H. E. Seyster who swears that he was a member of the jury that tried appellant. After the jury received the charge of the court and while they were considering their verdict, and before they had agreed, one of the jurors remarked in the presence of the other jurors that Roy Craiger, who was indicted for the same offense for which defendant was then being tried, had been convicted and given a term of ten years in the penitentiary, and that the jury should not give said Tutt less than ten years. The jury afterwards arrived at a verdict of ten years and

returned the same in open court. This misconduct of the jury requires a reversal. The fact that appellant's codefendant received ten years for the offense for which appellant was being tried, is no argument in favor of the proposition that appellant should receive the same punishment. It could not be proved in the trial of the case without operating a reversal, and the same fact introduced before the consideration of the jury must have been prejudicial to the rights of appellant. The verdict of the jury seems to have been in response to the suggestion made in the jury room, since the appellant received the same punishment as his codefendant. It is not necessary to discuss this matter at length. See McWilliams v. State, 32 Texas Crim. Rep., 269; Mitchell v. State, 36 Texas Cim. Rep., 278; White's Ann. Code Crim. Proc., art. 717, sub. 7, and sec. 1150. On account of the misconduct of the jury above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*