## J. N. HUDSON v. THE STATE.

No. 21183. Delivered November 20, 1940.

The opinion states the case.

*Shead & Smith,* of Longview, and *Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is keeping and exhibiting for the purpose of gaming a gaming table and bank; the punishment, confinement in the penitentiary for two years.

It was appellant's affirmative defense that he played on the table seized by the officers on the same basis as the other players. The court instructed the jury, in part, as follows:

"You are further charged, if you find and believe from the evidence that at the time and place alleged in the indictment any game was played, but if you further find and believe that the defendant played on the same basis as the other players in the game, whatever the game may have been, that is, that he was merely one of the players, that he did not at any time keep or exhibit any gaming table or bank for the purpose of obtaining bettors, as those terms are hereinbefore defined, or if you have a reasonable doubt thereof, then you will acquit the defendant and say by your verdict not guilty."

There was no proof adduced upon the trial that certain chairs which were placed in the courtroom during the trial had been in appellant's garage. There was no proof before the jury that appellant had theretofore been engaged in bookmaking. Again, the evidence adduced upon the trial failed to show that appellant had run a gambling house at a place different from that raided by the officers. In his motion for new trial, appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint was that, before the verdict was reached, one of the jurors stated in the presence and hearing of the other jurors that the chairs which had been exhibited in the courtroom had been in appellant's barn or garage; that appellant had been running a "bookie" or gambling business on the south side in Longview.

The proof supporting these averments in the motion for new trial was uncontroverted. As already pointed out, there was no proof adduced during the progress of the trial which would have warranted any juror in giving such information to his fellow jurors. The chairs exhibited to the jury during the trial had been found by the officers on the premises where the State contended that appellant was exhibiting a gaming table and bank. Hence the statement of the juror that the chairs had been in appellant's garage gave support to the theory of the State that appellant had been guilty of exhibiting the table and bank, and that he was not a mere player participating in the games on the same basis as other players. The statement that appellant theretofore, at another place, ran a "bookie" or gambling business was obviously prejudicial.

It is observed that the jury took several ballots before determining that appellant was guilty.

We are of opinion that the court fell into error in refusing to grant the motion for new trial. Subdivision 7 of Article 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one of the jurors to the others is new and other testimony within the meaning of the statute. Holland v. State, 298 S. W. 898, and authorities cited. Where, after retiring, the jury received other evidence damaging to the appellant, the presumption of injury obtains. Holland v. State, supra.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.