**Hoover L. COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40961.**

Court of Criminal Appeals of Texas.

Jan. 31, 1968.

Carol S. Vance, Dist. Atty., James C. Brough and Edward M. McDonough, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

Appellant was convicted, under Art. 802b, Vernon's Ann.P.C., of the subsequent offense of drunk driving, and his punishment was assessed at confinement in the Texas Department of Corrections for a term of five years.

Imposition of sentence was suspended by the court and appellant was placed on probation upon certain terms and conditions.

This is an appeal from the judgment of conviction at the time he was placed on probation. Art. 42.12, Sec. 8, Vernon's Ann. C.C.P.

The record does not contain a transcription of the court reporter's notes.

One bill of exception appears in the record, which complains of the trial court's refusal to permit appellant to show a conflict in the testimony given by Officer Buchanan at the trial with that given by him at the examining trial.

The bill was approved by the court, with certain qualifications. Notice of the court's qualification of the bill was given to appellant's counsel, as required by Art. 40.09–6 (a), C.C.P., but no bystanders bill was filed by appellant.

As qualified, the bill reflects that Officer Buchanan testified at the trial that, after his arrest, appellant told him he had drunk two six packs of beer and that, in his examining trial testimony—a copy of which was among the papers filed in the cause, the officer testified that in the conversation with appellant after his arrest appellant did not disclose a definite number of beers he had consumed. In his qualification to the bill, the court certified that, upon the trial,

appellant sought to show "by improper method and predicate" a conflict in the officer's testimony, to which "improper impeachment methods" state's counsel objected, and such objection was by the court sustained. The court further certified that several other attempts were made by appellant to show conflict in the officer's testimony, "all being improper, in form and predicate," and the court in each instance sustained the state's objection.

In his brief, appellant urges one ground of error, which is as follows:

"The *A*ppellant was not accorded due process of law as guaranteed under the United States and Texas Constitutions *thru* the admission of perjured testimony."

Appellant insists that under the record he stands convicted upon perjured testimony which state's counsel knew was false and which constitutes a denial of due process. Alcorta v. State of Texas, 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9, and other federal authorities are cited by appellant, in support of his contention, which stand for the proposition that a conviction obtained upon testimony known by the prosecution authorities to be perjured is in violation of due process and cannot stand.

The record before us does not support the conclusion that Officer Buchanan gave perjured testimony at the trial. His mere contradictory statements would not have supported a conviction for perjury. King v. State, 112 Tex.Cr.R. 425, 16 S.W.2d 1072. See, also United States v. Goldberg, 290 F.2d 729, Second Circuit (1961).

Further, assuming that the officer's testimony at the trial was false, the record does not show that the prosecution knew he was giving perjured testimony.

Such facts distinguish this case from Alcorta v. Texas, supra, relied upon by appellant.

The ground of error is overruled.

The judgment is affirmed.