**Henry Samuel SCALING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46244.**

Court of Criminal Appeals of Texas.

Oct. 3, 1973.

Lester L. May and Kenneth A. Herridge, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the misdemeanor offense of driving while intoxicated; the punishment was assessed by the jury at eighteen months in jail and a fine of $250.00.

Appellant contends that the trial court reversibly erred by failing to grant his motion for new trial based on alleged jury misconduct. The basis for this contention is that Section 7 of Article 40.03, and Article 40.04, Vernon's Ann.C.C.P., were violated when the jury received additional testimony after having retired to deliberate their verdict.

Article 40.03, Sec. 7, V.A.C.C.P., provides that a new trial shall be granted in felony cases "where the jury, after having retired to deliberate upon a case, has received other testimony." Article 40.04, V.A.C.C.P., makes this Article applicable to misdemeanor cases.

The record reflects that appellant called Juror Lovell to testify at the hearing on his motion for new trial. Juror Lovell, upon direct examination, testified:

"Q. It was discussed. All right. Mrs. Lovell, during the deliberations, as far as sentencing is concerned, at the outset, at the first, what was your verdict as far as how long Mr. Scaling should be sentenced?

A. Six (6) months.

Q. All right. Is it true or is it not true that one of the jurors stated to you that Mr. Scaling would only have to serve one-fourth (¼) of any sentence that he received?

A. That is true.

. . . . . .

Q. Would you tell the Court, Mrs. Lovell, just in your own words, how the jury finally arrived at a sentence of eighteen (18) months?

A. Everyone stated the terms that they thought he should have, and then we divided it by six (6), because no one could agree on the number of months or years and that wasn't enough, by dividing it by four (4), with this man saying he would only get a fourth (¼) of the time, so, they discussed this awhile and I didn't agree on any more than six (6) months.

. . . . . .

Q. (By Mr. Herridge) Did you finally agree to go along with eighteen (18) months, Mrs. Lovell?

A. At the end they took another—they decided to do it again and everyone upped theirs, doubled it.

Q. Doubled it.

A. But I stayed with the six (6) months.

Q. So, the second time around, if I understand your testimony, then, the jurors added together the number of months that they would vote on and this was divided by six (6) and that resulted in a year and six (6) months, is that correct?

A. Right. And they asked if I agreed with it and I said well, I didn't but—

. . . . . .

Q. (Cont) —that Mr. Scaling would only have to serve one-fourth (¼) of that year and six (6) months?

A. They assured me this would happen and I said if that's—if you are sure this is the case, then I'll have to go along.

. . . . . .

Q. Do you recall the number of—of months that the first—the first time this procedure was used do you recall the number of months that it came out to?

A. I am not positive; I think it was about a year, and they said that would not be enough, because he would only have to serve a fourth (¼) of the time."

Upon cross-examination by the state, Juror Lovell testified:

"Q. Okay. Now, you say a juror mentioned that Mr. Scaling would only have to serve one-fourth (¼) of whatever sentence y'all arrived at, is that correct?

A. Right.

. . . . . .

"Q. Now, did he say he would only— since you can't remember the exact words, did he say he would only have to serve one-fourth (¼) of the time or could he possibly have said he'll probably only have to serve one-fourth (¼) of the time—

. . . . . .

A. To the best of my knowledge, he said he'll only have to serve a fourth of the time.

Q. (By Mr. Jackson) Okay. Then, let me get this clear. It couldn't—he couldn't have spoken in terms of a probability?

A. No.

Q. Now, did this person—did these two (2) persons—did they say he'll only have to serve a fourth (¼) of this or did they say he'll probably have to serve only a fourth (¼) of this?

A. No, they said he'll only have to serve a fourth (¼) of this. I said are you sure.

Q. Then, Mrs. Lovell, is it not correct that everyone agreed on eighteen (18) months as a sentence that would be assessed in this case?

A. I still thought it was too much.

A. (Cont) —that's the only way we could reach a decision and he—they kept trying to get me to agree and I said well, I just think it's too much, but if you are sure, with that assurance that he'll get out in a fourth (¼) of the time, I'll have to go along with it."

In addition, Juror Brewton testified that a juror who purported to know the law, stating that he had served on a jury before, told them that appellant would only serve one-third to one-fourth of whatever sentence was imposed, and Juror Brewton relied upon that statement.

None of the above evidence was contradicted.

■ It is clear from the record that additional evidence was received by the jury in violation of Article 40.04 and Article 40.03, Section 7, V.A.C.C.P. Furthermore, the juror's statement that appellant would only have to serve one-fourth of whatever punishment was assessed constituted a clear misstatement of the law. Finally, Juror Lovell testified that she concurred in the punishment of eighteen months only upon the assurance that appellant would serve only one-fourth of that time, which testimony demonstrates the injurious effect of the erroneously and improperly considered evidence.

It long has been established in this state that damaging evidence received by the jury after retirement constitutes reversible error. Hudson v. State, 140 Tex.Cr.R. 297, 144 S.W.2d 893; McDougal v. State, 81 Tex.Cr.R. 179, 194 S.W. 944; Tutt v. State, 49 Tex.Cr.R. 202, 91 S.W. 584. Under facts such as those of the instant case, where the misstatement of law has the effect of increasing the punishment assessed, this court has consistently required reversal. Spriggs v. State, 160 Tex.Cr.R. 188, 268 S.W.2d 191; Jackson v. State, 157 Tex.Cr.R. 323, 248 S.W.2d 748; Price v. State, 150 Tex.Cr.R. 161, 199 S.W.2d 168.

The judgment is reversed and the cause remanded.