**Pamela Walker AUSTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50272.**

Court of Criminal Appeals of Texas.

Nov. 12, 1975.

**616**

Marvin Collins, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Ward Casey, Glen Eakman and Donald S. Gandy, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin, alleged to have occurred on or about April 22, 1974. A plea of guilty was entered before the jury, and punishment was assessed at seven years.

At the outset, appellant urges that the court erred in accepting appellant's plea of guilty to a felony information charging possession of heroin which neither alleged unlawful possession of heroin nor alleged facts negating legal possession.

In light of this Court's recent decision in *Vasquez v. State*, 522 S.W.2d 910, and Sec. 5.10(a)[1] of the Controlled Substances Act, we find no merit in appellant's argument that the information was faulty in that it neither alleged unlawful possession of heroin nor alleged facts negating legal possession.

Appellant contends the court erred in accepting his plea to a felony information which was unsupported by a valid complaint.

In *Chapple v. State*, Tex.Cr.App., 521 S.W.2d 280, where the defendant waived his right to be tried on an indictment and elected to be tried on an information, as in the instant case, it was held that the information need not be based upon a complaint.

1. Section 5.10(a), supra, provides:
 "It is not necessary for the state to negate any exemption or exception set forth in this Act in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this Act, and the burden of going forward with the evidence with respect to any exemption or exception shall be upon the person claiming its benefit."

Appellant contends the court erred in conducting an arraignment of appellant in the presence of the jury.

 This Court has stated that the practice of conducting arraignment in the presence of the jury should not be condoned and trial courts should be careful to avoid such practice. *Winkle v. State*, Tex.Cr. App., 506 S.W.2d 891; *Minafee v. State*, Tex.Cr.App., 482 S.W.2d 273. In the instant case, as in *Winkle v. State*, supra, and *Stewart v. State*, Tex.Cr.App., 473 S.W.2d 495, there was no objection voiced to the arraignment hearing conducted in the jury's presence. No reversible error is shown.

Appellant contends the court erred in failing to declare a mistrial when the prosecutor injected an extraneous offense into evidence in violation of the court's order made pursuant to appellant's motion in limine.

 Appellant complains of the testimony of Officer Wiley that one Edward Stone was arrested at the same time appellant was arrested, and that he approached a vehicle "on Dillard Street earlier there had been a disturbance where Edward Stone had —." The foregoing statement of Wiley was interrupted by an objection by appellant which was sustained by the court. We do not find that the complained-of testimony constituted evidence of the commission of an extraneous offense by appellant. Further, appellant's objection was sustained and appellant requested no further relief. Having failed to pursue the matter until she received an adverse ruling from the court, nothing is presented for review. *Hicks v. State*, Tex.Cr.App., 493 S.W.2d 833; *Winkle v. State*, supra.

Appellant contends the court erred in failing to grant her motion for a new trial for the reason that the jury received evidence regarding punishment and parole after they retired to deliberate, which resulted in an increased punishment.

The only juror called by appellant at the hearing was Rita Weimer. We find her testimony to be conflicting. The witness first testified it was stated that appellant would have to do three or four years of a seven year term and parole would be automatic. The witness then testified that nobody said parole would be automatic, but that the discussion was to the effect that if appellant were a "good prisoner, and if the parole board and prison authorities thought she was a proper person for parole, she could get parole in three to four years."

The State called jurors Hegar and South as witnesses. Hegar, foreman of the jury, testified that there was discussion about the parole laws during deliberation, but that no one stated that they had any knowledge as to the parole laws and their application. Hegar stated that it was discussed that appellant might have to serve seven years if such time were assessed, but that she might be considered for parole at an earlier date in the event of good conduct and "it was up to her to serve less time than the seven called for." Hegar recalled that there was talk about appellant having to do five years.

Juror South testified that the jurors wondered what the parole laws were and that no juror made any statement as to the number of years appellant would have to serve. South testified that the seven year term was arrived at in light of testimony that appellant's oldest daughter was ten years old and if she had to serve the full seven years, appellant would be out of prison by the time her daughter graduated from high school.

Appellant points to testimony adduced at the hearing on the motion that the range of punishment on the first ballot was from two to ten years and urges that the discussion about how many years appellant would have to serve before parole influenced the jury verdict.

In *Scaling v. State*, Tex.Cr.App., 499 S.W.2d 318, relied upon by appellant, a juror who had previous jury service and pur-

ported to know the law stated that the defendant would have to serve one-third or one-fourth of the time assessed, and another juror agreed to the penalty only upon the assurance that such representation was correct. In *Scaling*, this Court reversed the conviction, finding that the misstatement of the law had the effect of increasing the punishment assessed.

■ Not every misstatement of the parole law or other comment during jury deliberation calls for reversal. *Slanker v. State*, Tex.Cr.App., 505 S.W.2d 274. It is a matter of common knowledge that from time to time inmates of the Texas Department of Corrections are released on parole. *Howard v. State*, Tex.Cr.App., 505 S.W.2d 306; *Taylor v. State*, Tex.Cr.App., 420 S.W.2d 601. While it appears that the jury discussed when appellant might be released on parole during their deliberations, it appears that no one professed to know the parole law. Further, it is not shown that any juror relied on any of the various suggestions made as to how long appellant would have to serve. We cannot conclude that the misstatement of the law had the effect of increasing the punishment assessed nor can we conclude that the misconduct of the jury was such as to have deprived the appellant of a "fair and impartial trial." Art. 40.03(8), V.A.C.C.P.; *Heredia v. State*, Tex.Cr.App., 528 S.W.2d 847 (1975). Under the circumstances here presented, we find that the complained-of discussion of the parole law by the jurors does not require reversal. See *Howard v. State*, supra; *Slanker v. State*, supra.

The judgment is affirmed.

Opinion approved by the Court.

ROBERTS, Judge (dissenting).

I cannot agree that a defendant in a felony case can be tried on an information unsupported by a complaint. See my dissenting opinion in *Chapple v. State*, 521 S.W.2d 280, 282–283 (Tex.Cr.App.1975).

ONION, P. J., joins in this dissent.