Raymond Henry LACHAPELLE,
Appellant,

v.

The STATE OF Texas, Appellee.

No. 55696.

Court of Criminal Appeals of Texas,
En Banc.

April 4, 1979.

Robert F. Watson, Mineral Wells, for appellant.

Robert J. Glasgow, Dist. Atty. and William L. Martin, Jr., Asst. Dist. Atty., Stephenville, Robert Huttash, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary. Punishment was assessed by the jury at ten (10) years confinement in the Department of Corrections and a fine of $2,000. The jury further recommended that the sentence be probated as to the confinement in the Department of Corrections, but did not recommend that the fine be probated.

The sufficiency of the evidence is not challenged. The appellant entered a plea of guilty before the jury and a confession was introduced without objection.

On March 10, 1976, a grocery store was burglarized, several items were taken, including meat, beer, cigarettes and various canned goods. These items were removed from the store by a shopping cart.

Appellant complains that an extraneous offense was introduced by a police officer in response to a question by the State. Specifically, he is complaining of the following statement:

"Well, it was a rather drawn-out procedure. To reiterate, we were notified by a citizen that had heard some unusual noises on two occasions, and looking out his window he observed a person pushing a grocery cart up Northwest 3rd Avenue. He advised that the persons looked like they possibly were intoxicated by the way they were weaving and pushing the baskets and they were extremely loud. I don't know quite exactly how to explain this without going into the other case because we have got a___

"THE COURT: Well, just a minute. Ladies and gentlemen, would you step out just a moment, please?"

Thereafter, the appellant made a motion for mistrial. The motion was overruled but the trial court properly instructed the jury to disregard the reference to any other incident made by the officer.

The trial court's prompt action in stopping the witness and removing the jury

and his further instruction to the jury were more than sufficient to remove any harm that may have occurred by the statement of the witness.

Recently, in *Evans v. State,* 542 S.W.2d 139 (Tex.Cr.App.1976), this Court has held:

"That any error in the admission of improper testimony is cured by the trial court's withdrawal of the evidence and its instruction to the jury to disregard 'except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds' (cases cited). It has been held that testimony referring to or implying extraneous offenses allegedly committed by the defendant is rendered harmless by the trial court's instruction to disregard. (cases cited)."

It is noted that the fine was not probated by the jury, but the time assessed in the Texas Department of Corrections was. This was authorized under Article 42.12, Sections 3 and 6, V.A.C.C.P. Cf. *Franklin v. State,* 576 S.W.2d 621 (Tex.Cr. App.1978).

The judgment is affirmed.