**Glenn D. REED, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-81-139-CR.**

Court of Appeals of Texas,
Fort Worth.

May 5, 1982.

Wm. Cary Quillin, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Randell P. Means, Asst. Dist. Atty., Fort Worth, for State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from conviction of murder. V.T.C.A.Penal Code sec. 19.02.

The jury assessed punishment at 40 years imprisonment.

We affirm.

Appellant complains that the prosecutor made prejudicial comments to the jury about (1) the punishment range, (2) the veracity of appellant's testimony at trial and (3) appellant's right to remain silent.

The evidence is that on August 10, 1979, appellant shot and killed Domingo Najera with a 16 gauge shotgun as they stood on the parking lot of the Red Garter Club in Fort Worth.

That episode was the culmination of their argument over a "$5 or $10" wager made while appellant and Najera were drinking beer and playing pool with friends inside the club.

Appellant's girl friend, Patricia Bogan, was among those present.

Witnesses testified that appellant had exited the club after the initial argument and was seen fifteen minutes later on the parking lot with the shotgun.

When he learned that appellant had returned, Najera exited the club and went to the parking lot, where the argument resumed.

During the quarrel, which was loud enough to attract the attention of apartment residents across the adjacent street, the gun discharged, killing Najera.

Appellant fled the scene after the shooting.

Later that day, Patricia Bogan, who resided at appellant's apartment, gave police officers permission to enter the apartment, and there they found the shotgun.

Three days later, appellant surrendered to police.

Appellant testified that after he left the initial argument and arrived at his apartment, he realized that his girlfriend was still at the club; so he returned to the club with a loaded shotgun in order to "seize her from the bar."

He further testified that, as a black man, he felt a need to be armed, because he knew another black man had been stabbed at the club a week earlier.

Appellant denied voluntarily or intentionally pulling the trigger and speculated that a bystander might have hit the gun barrel, causing the gun to fire.

None of the eyewitnesses testified that anyone touched appellant or his shotgun before it fired.

■ During closing arguments to the jury, appellant objected to the prosecutor's references to punishments available, but did not ask that the jury be instructed to disregard or that a mistrial be granted.

The error, if any, was not preserved for appeal. *Stoner v. State*, 585 S.W.2d 750 (Tex.Cr.App.1979); *Austin v. State*, 531 S.W.2d 615 (Tex.Cr.App.1975).

Appellant's first ground of error is overruled.

■ The second ground is that the prosecutor improperly commented on appellant's

veracity by making the following arguments to the jury:

"And, you heard from the defendant. You heard the defendant's story. Of course, you got to hear the defendant's story after he had listened to everyone else testify—

\*     \*     \*     \*     \*     \*

"I wasn't quite sure until the very end there of defense counsel's argument, just what his story was. Was it recklessness or negligence or why wasn't it just purely an accident that the gun went off—not guilty."

At trial, appellant objected to the first comment only on the ground that he didn't "create" the court's procedure. The objection was overruled.

We conclude that the first comment was a reasonable one, not manifestly improper and prejudicial, and did not deprive appellant of a fair trial. *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977).

Appellant did not object at trial to the second comment, so it presents nothing for review. *Stoner, supra.*

Appellant's second ground of error is overruled.

The third ground complains that the prosecutor wrongly commented to the jury on appellant's exercise of his right as an accused to remain silent.

In cross examination during the trial, the prosecutor asked the appellant:

"Q.  Now, who is the first person you ever told about you were so concerned about Pat Bogan being hurt?"

Before an answer was given, the trial court sustained appellant's objection that this question entered "into the realm of silence and non-silence."

The jury was instructed to disregard the question, but appellant's motion for mistrial was denied.

We find no reversible error in the court's refusal to grant a mistrial.

The question does not clearly inquire about the appellant's conduct *after* his arrest; and the evidence is uncontroverted that there was a three day interval between the shooting and the arrest.

Further, we conclude that upon the record, the State is correct in contending that there is overwhelming evidence of appellant's guilt, and any residue of error that may have remained after the trial court's limiting instruction was harmless. *Carrillo v. State*, 591 S.W.2d 876 (Tex.Cr.App. 1979).

Appellant's third ground of error is overruled.

Judgment is affirmed.