**Kennis Earl GRISMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–81–00079–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 4, 1982.

Rehearing Denied Sept. 15, 1982.

Turpin, Smith, Dyer & Saxe, Cecil Kuhne, Midland, for appellant.

Vern F. Martin, Dist. Atty., David L. Joers, Robert L. Sutphen, Asst. Dist. Attys., Midland, for appellee.

Before PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

PRESLAR, Chief Justice.

This is an appeal from a conviction for aggravated robbery. The jury assessed punishment at twenty years confinement. We reverse.

Appellant had previously been convicted of third-degree felony theft and was placed on ten years probation. A motion to revoke probation, based on this aggravated robbery, was heard by the court contemporaneously with the trial on the merits of the robbery. Probation was revoked and Appellant was sentenced to ten years confinement. The judgment of revocation has been affirmed by this Court in *Grismore v. State*, No. 08–81–00078–CR, August, 1982.

In Ground of Error No. One, Appellant contends that extraneous offenses were improperly put before the jury. During a cross-examination question as to the reason for showing the victim a third photograph of the suspect Appellant, Officer Harrison gave an unresponsive answer that, at that point, the complainant was the "first victim."

In questioning the officer as to the similarity between the Appellant and another subject whose photograph was selected for display to the complainant, counsel received an answer:

Yes, sir, in my opinion. This particular case, we have a wide range. It is varied from the descriptions we were getting.

The officer's two answers apparently were referring to multiple robberies in which Appellant was a suspect. These extraneous offenses were the subject of a motion in limine granted prior to trial.

Appellant did not object to these responses. Both times he requested the jury be removed, and moved for a mistrial.

The improper admission of extraneous offenses can be cured by objection and jury instruction in all but extreme cases. *Evans v. State,* 542 S.W.2d 139 (Tex.Cr.App.1976); *Lachapelle v. State,* 579 S.W.2d 1 (Tex.Cr. App.1979).

The minimal reference here is not so extreme that it would not have been susceptible to a curative instruction. By proceeding immediately to a motion for mistrial, Appellant waived all the relief to which he was entitled. Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant contends that the State's use of perjured testimony deprived him of a fair trial.

At a pretrial identification hearing, Officer Harrison testified that the only photographs shown the complainant were State's Pretrial Exhibits Four through Thirteen. At trial, on cross-examination, Harrison testified that an additional photograph of Appellant had been displayed but had not been identified by the complainant. The additional photograph was introduced as Defendant's Exhibit No. Twelve.

The contradiction in testimony does not establish perjury. *Cook v. State,* 423 S.W.2d 313 (Tex.Cr.App.1968).

The additional photograph was displayed to the jury, and the complainant's inability to identify the Appellant in that photograph was exposed. No intentional misconduct is demonstrated in such a situation where the witness provides evidence favorable to the defense. Ground of Error No. Two is overruled.

In Ground of Error No. Three, Appellant contends that he was not provided with the exculpatory evidence of the complainant's failure to identify the photograph referred to in Ground of Error No. Two.

The exculpatory evidence was disclosed at trial before the jury. The jury received the photograph and was advised of the failure to identify.

There is no showing that the timing of the disclosure prevented the Appellant from fully developing the exculpatory benefit of the evidence. From the record, it would appear that the Appellant received the full value of this information. No injury is shown. *James v. State,* 563 S.W.2d 599 (Tex.Cr.App.1978). Ground of Error No. Three is overruled.

In Ground of Error No. Four, Appellant asserts jury misconduct in the form of discussion of parole law and the possible effect of a revocation of Appellant's probation in another cause.

All of the testimony presented by the jurors at the hearing on Appellant's Motion for New Trial indicated that the discussion of Appellant's probation prospects occurred after the twenty-year sentence had been reached and did not influence that decision.

We conclude, however, that the discussion of parole law did deprive Appellant of a fair trial. The Court of Criminal Appeals has recently ruled that reversible jury misconduct occurs if the jury discusses parole law and the discussion causes any single juror to vote for a harsher sentence than his earlier inclination. *Munroe v. State,* 637 S.W.2d 475 (Tex.Cr.App., 1982).

Any discussion of parole law constitutes jury misconduct. Here, Juror Peddy's initial vote was for a five-year sentence. The parole comments occurred before the second vote and made it "easier" for Peddy to increase his sentence vote to ten years, and ultimately twenty years.

In *Munroe,* the parole discussion, according to juror testimony, played an "important role" and "allowed" one juror to increase his recommendation to the ultimate ten-year sentence, despite an initial desire to grant probation.

Under the facts and ruling in *Munroe,* we find that the parole discussion in this cause did have an impermissible effect upon the jury's assessment of punishment. Accordingly, Ground of Error No. Four is sustained.

The judgment is reversed and the cause is hereby remanded for a new bifurcated trial.

## OPINION ON MOTION FOR REHEARING

PRESLAR, Chief Justice.

The State has filed a motion for rehearing challenging this Court's decision to sustain Appellant's contention of jury misconduct.

The initial basis for this motion is an assertion that the evidence in support of Appellant's motion for new trial was not timely introduced. Judgment was entered on August 7, 1980, and Appellant sentenced on September 24, 1980. On August 15, he filed his original motion for new trial. With leave of court, he filed an amended motion on September 3, which was timely under former Article 40.05 of the Code of Criminal Procedure. A two-part hearing was conducted on September 15 and 22. The State asserts that this "presentation" was therefore not made within ten days of the filing of the amended motion. This was not raised as an objection at the time of the hearing, probably because the participants knew first-hand what we have deduced from a 1980 calendar. The tenth day after filing, September 13, fell on a Saturday. Thus, the September 15, Monday, hearing was timely. The hearing was recessed at the request of the Appellant due to the nonavailability of several jurors, including Mr. Brown, the foreman. Appellant expressly advised the court of the time limits of Article 40.05 before requesting recess. Rather than object, the State agreed to the recess, expressing a desire to call Mr. Brown on behalf of the State. On September 22, both sides presented testimony from former jurors. The trial court overruled Appellant's motion in a timely manner. Thus, the presentation of the motion did not operate to delay either the determination of the motion or the filing of the record on appeal, in accordance with the final strictures of former Article 40.05.

The State's second challenge to our decision asserts that Appellant failed to demonstrate harm resulting from the jury misconduct. In the recent case of *Munroe v. State*, 637 S.W.2d 475 (Tex.Cr.App.1982),

Judge Roberts attempted unsuccessfully to resolve the previous multiplicity of standards utilized in appellate review of this type of jury misconduct. Consequently, we still have two possible standards: receipt of other evidence under Article 40.03(7) and jury misconduct under Article 40.03(8). There is no question that the evidence would not support reversal under the five-prong test utilized under Article 40.03(7). For that reason our analysis and initial result was based upon the two-part test of jury misconduct: (1) was there misconduct; (2) did it result in harm.

*Munroe* establishes that any discussion of parole law is jury misconduct. A majority of the Court of Criminal Appeals further stated that if even a single juror votes for a harsher sentence *as a result* of the misconduct then the defendant has been harmed. In essence the State is arguing for the strictest, narrowest meaning of "as a result," that is "but-for" causation or sole cause, excluding any form of concurrent or contributory causation. The cases cited by the State present a spectrum of phraseology. In *Austin v. State*, 531 S.W.2d 615 (Tex.Cr.App.1975), and *Ashabranner v. State*, 557 S.W.2d 774 (Tex.Cr.App.1977), the appellants failed to show that the improper discussion "caused" the higher sentence. In *Sweed v. State*, 538 S.W.2d 119 (Tex.Cr.App.1976), reversal resulted where one juror testified the discussion "caused" him to vote for a higher sentence. In discussing the affirmed cases, the *Munroe* opinion summarizes them as failures in showing the juries were "affected" by the discussion of parole. "Affected" does not have a limited connotation of sole cause. Similarly in *Sanders v. State*, 580 S.W.2d 349, 353 (Tex.Cr.App.1978), a conviction was reversed because the parole discussion adversely "affected" two jurors' considerations. In the present case, Juror Peddy testified that the parole discussion made it "easier" for him to vote for a higher sentence. This may have been in response to an unobjected-to leading question but was unequivocally affirmative in tenor. Unlike hearsay testimony, the answer has probative value. In *Munroe*, itself, one juror

testified that the parole discussion "allowed" him to vote for a harsher penalty. We perceive no significant distinction between the effect on Juror Peddy and the effect on the *Munroe* juror. We further find that parole discussion which has a contributory or concurrent effect on a juror's decision constitutes harm and necessitates reversal.

The State further asserts that Appellant's point of error should not be sustained because the parole discussion only affected Peddy's vote for ten years and not the ultimate verdict of twenty. Peddy's first vote was for five years. This was followed by the parole discussion. On the second paper ballot, Peddy voted for ten years and, on the third ballot, for twenty years. The State's argument is tantamount to an assertion that a faulty building foundation caused the collapse of the first ten floors, but not floors eleven through twenty.

■ Next, we find the State's contention that Peddy's testimony was not competent to be without merit. Such a finding in *Daniels v. State*, 600 S.W.2d 813 (Tex.Cr. App.1980) was due to the fact that the four jurors who testified were addressing the collective feelings and states of mind of all twelve jurors. Furthermore, they were testifying as to discussions of leniency and reasonable doubt. Both topics are within the proper scope of jury deliberation and not a proper basis for impeaching a verdict. In the present case, Peddy testified only as to the effect the parole discussion had on him. The topic of parole is forbidden and constitutes misconduct. It is a proper subject for post-verdict inquiry, and Peddy's testimony was competent.

The State's final challenge contends that the evidence as to jury misconduct was in conflict, to be resolved by the judge as factfinder, and to be reviewed only in terms of abuse of trial court discretion. The evidence is not significantly in conflict. Numerous jurors confirmed that the question of parole came up. Several recalled one juror responding that parole could occur upon completion of one-third of the sentence. Several jurors testified that they did not hear the response, but no one testified that it did not take place. Peddy's testimony as to the effect the discussion had on his vote was of course unrefuted. In this case, the evidence clearly dictated the need for a new trial.

The motion for rehearing is hereby denied.