**Luis FRANCO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–86–00319–CR.**

Court of Appeals of Texas,
El Paso.

July 29, 1987.

Rehearing Denied Aug. 26, 1987.

Walter M. Holcombe, Pecos, for appellant.

Jack Louis McGowen, Dist. Atty., Pecos, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

Luis Franco was convicted of third-degree felony theft, and the jury assessed punishment at confinement for eight years and a fine of $840.00. We affirm.

On the evening of June 25, 1986, Thomas L. Gerke drove from a farm in Reeves County to the Town & Country Store in Pecos in order to make a telephone call. After the call, the Appellant and Mr. Gerke engaged in a conversation in the store parking lot concerning the sale of certain items of personal property. The two men then drove to a different part of town in Mr. Gerke's pickup, and after the Appellant finally left the vehicle, Mr. Gerke noticed his wallet was missing from the front seat of the pickup. The next morning he reported the theft of his billfold and $840.00 to the sheriff's office. The deputy sheriff who initially interviewed Mr. Gerke made a report of the incident. Shortly after the incident had been reported, Police Officer John Spence advised the deputy sheriff conducting the investigation that he had seen Luis Franco at the Town & Country Store the preceding evening. Both Gerke and Spence testified at the trial that Luis Franco was wearing khaki pants on the evening in question. Deputy McLain, who worked on the investigation, showed Gerke a single photograph of Luis Franco about 10:00 a.m., and Mr. Gerke identified the photograph as being that of the person whom he believed had taken his billfold the night before. This identification led to the arrest and indictment of the Appellant.

■ In Point of Error No. One, the Appellant asserts the trial court erred in denying his motion to suppress identification. He argues that the use of a single photograph was unusually suggestive and relies upon the case of *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). Although the Court in that opinion did recognize that improper employment of photographs by police may sometimes cause witnesses to err in identifying criminals, it did not reverse the convictions on that ground. The Court noted that each case must be considered on its facts. It held that a conviction based upon an eyewitness investigation at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

In this case, Mr. Gerke first talked to the Appellant in a well-lighted parking lot in

front of the store. They rode together in a vehicle to a location determined by that same party. Appellant was identified as the one wearing khaki pants. Officer John Spence testified that on the same evening he had received a telephone call to meet Luis Franco at the Town & Country Store and that he drove by there on two occasions while doing other police work and saw Luis Franco at that location dressed in khaki pants. He gave that information to the deputy sheriff before any photograph was selected to be shown to the victim. The identification of the photograph was less than twenty-four hours after the offense occurred. Those facts do not indicate "a very substantial likelihood of irreparable misidentification." The use of a single photograph is not alone sufficient to establish a denial of due process. *Marshburn v. State*, 491 S.W.2d 663 (Tex.Crim. App.1973). Point of Error No. One is overruled.

The next complaint is with regard to testimony by Deputy Sheriff McLain that he took the photograph from Appellant's "arrest file." An objection was made and a motion for a mistrial was overruled. No request was made for an instruction that the jury not consider that testimony.

The proper method of preserving error where an extraneous offense has been raised is to (1) make an objection, (2) request an instruction to disregard, and (3) make a motion for a mistrial. *Coe v. State*, 683 S.W.2d 431 (Tex.Crim.App.1985). Not every reference to an extraneous offense requires a reversal and, except in extreme cases, a timely objection and instruction to the jury cures the error. *Barney v. State*, 698 S.W.2d 114 (Tex.Crim.App.1985). By immediately proceeding to a motion for mistrial, Appellant waived the relief to which he was entitled. *Grismore v. State*, 641 S.W.2d 593 (Tex.App.—El Paso 1982, PDRR). Point of Error No. Two is overruled.

The next contention is that the trial court erred in denying Appellant's motion for an instructed verdict of not guilty because the State failed to prove its over-pled indictment alleging that Appellant had sto-

len $840.00. Although the indictment alleged the elements of a theft of at least $750.00 but less than $20,000.00, it also alleged the specific sum of $840.00. Mr. Gerke testified that he had between $840.00 and a couple more dollars in his billfold. He said it was "between $840.00 and $850.00." In *Sowders v. State*, 693 S.W.2d 448 (Tex.Crim.App.1985), the Court said:

> In a case where the State pleads a specific value of the property allegedly stolen, the State need only prove that the value of the property was sufficient to satisfy the range of value that was pled.

The evidence in this case was within the range alleged and no error is shown. Point of Error No. Three is overruled.

The final contention is that the trial court erred in denying Appellant's request for a jury charge on circumstantial evidence. We conclude that under the holding in *Hankins v. State*, 646 S.W.2d 191 (Tex. Crim.App.1981), such an instruction is no longer required. Point of Error No. Four is overruled.

The judgment of the trial court is affirmed.