CLINTON, Judge,
dissenting.
In October of 1985 appellant was convicted in the 186th District Court, Judge James Barlow presiding, of the offense of arson. His punishment was assessed in November of that year at five years in the penitentiary, probated. His motion for new trial was denied in January of 1986, and the conviction was affirmed on appeal on October 30, 1987, in an unpublished opinion.
Appellant subsequently filed two applications for writ of habeas corpus in the convicting court,[1] but in each instance Judge Barlow refused to issue the writ. By January 10, 1992, the new judge of the 186th District Court, Judge Terry McDonald, had issued a writ of habeas corpus on applicant’s third application, and a hearing had been held. Judge McDonald denied relief. The San Antonio Court of Appeals upheld this ruling on appeal on August 26, 1992, also in an unpublished opinion.
The only material witness at the writ hearing was Clemencia Jimenez. Following her testimony, the habeas court made the following findings of fact:
“1. Judicial notice of the testimony at the original trial and the papers filed in this cause was taken.[2]
2. Maria Sanchez was fired as an employee of the Applicant’s business after an accusation of theft was made against Maria Sanchez. Maria Sanchez told Clemencia Jimenez that she was angry at the Applicant and that wanted [sic] to get revenge. Her plan was to tape record conversations with Applicant and then alter them to make it appear that the Applicant had burned one of his business locations. Maria Sanchez asked Clemencia Jimenez to corroborate her story and falsely accuse Applicant. Clemencia Jimenez was taken to the District Attorney’s office and was interviewed by assistant district attorney Ed Sargologos where she told him that she • did not know anything about the fire. After the Applicant’s conviction, Maria Sanchez told Clemencia Jimenez the her [sic] help was not needed after all and that Maria Sanchez had gotten the Applicant without her help.
3. Chris Fragozo, a police officer with the City of San Antonio, attempted to enlist Clemencia Jimenez as a witness against Applicant and aided Maria Sanchez in altering the tape recordings offered into evidence. The tapes were altered to appear that the Applicant was admitting to the arson when in fact he had no knowledge of its commission.
4. Clemencia Jimenez was a credible witness and her testimony was neither contradicted nor rebutted.
5. The perjured testimony set out by page and line in the ‘Defendant’s Proposed Findings of Fact and Conclusions of Law’ are adopted herein as the Court’s findings.[3]
6. Maria Sanchez and Chris Fragozo collaborated together and without their *487 testimony and the altered tapes, there is insufficient evidence to sustain a finding of guilt in this case.”
In his written conclusions of law the habeas court observed that “[t]he Applicant has been denied Due Process ... but in the absence of Case law as precedent the Applicant’s Writ is Hereby denied.” At the conclusion of the writ hearing the court offered a possible explanation for this conclusion, viz:
“I find, also, from the preponderance of the evidence, that the district attorney’s office did not participate or have direct knowledge of that fact [that evidence was manufactured] at the time the trial was had.
Which brings us to the point, as far as the law is concerned, I find no authority in the State of Texas to grant a Writ of Habeas Corpus merely on the fact that perjured testimony was used. The eases cited in the application research that I have done indicates that if the state had knowingly used the testimony a different result would obtain.”
The court of appeals agreed that easelaw from this Court seems to indicate that before the use of perjured testimony rises to the level of a due process violation, it must be shown the prosecution used that testimony with knowledge that it was false. See Cook v. State, 423 S.W.2d 313, at 314 (Tex.Cr.App.1968); Huffman v. State, 479 S.W.2d 62, at 69 (Tex.Cr.App.1972).[4] Accordingly, the court of appeals affirmed the judgment of the habeas court.
Appellant argued on appeal that under our more recent decision in Ex Parte Adams, 768 S.W.2d 281 (Tex.Cr.App.1989), knowledge of the use of perjured testimony on the part of any member of the investigative or prosecu-torial team may be imputed to the prosecutor for purposes of establishing a due process violation. Acknowledging this holding, the court of appeals simply, if somewhat elliptically, responded: “Here, there is no finding of knowledge by the district attorney, either imputed or direct.” Castellano v. State, (Tex.App., No. 04-92-00149-CR, delivered August 26, 1992) (Slip op. at 4). It thus appears the court of appeals deflected appellant’s reliance upon Adams merely by pointing out that the habeas court did not impute Fragozo’s complicity in the perjury used to convict appellant to the prosecutor. We granted appellant’s petition for discretionary review in order to address his present contention that the court of appeals erred in failing to hold that Fragozo’s involvement in framing appellant was attributable to the prosecutor for purposes of establishing that his due process rights were violated. See Tex.R.App.Pro., Rule 200(c)(3).
Although concluding that appellant suffered some manner of deprivation of due process, the habeas court believed it could not grant relief because of a lack of proof that the prosecutor personally knew that perjured testimony was used. The habeas court did not hold that Fragozo’s conduct could not be imputed to the prosecutor. The habeas court did not address the question of imputation at all, even though it may fairly be said that the issue was raised in the writ application.[5] Under these circumstances the court of appeals erred to dispose of appellant’s Adams contention on appeal simply by observing that the trial court made no specific finding of fact or conclusion of law pertaining to the question of imputation. The court of appeals should have addressed the merits of appellant’s contention.
We should not do so for the first time on petition for discretionary review. In our discretionary review capacity we review “deci *488 sions” of the courts of appeals. See Holland v. State, 802 S.W.2d 696, at 701 (Tex.Cr.App.1991); Lee v. State, 791 S.W.2d 141, at 142 (Tex.Cr.App.1990); Williams v. State, 790 S.W.2d 643, at 645 (Tex.Cr.App.1990); Brick v. State, 738 S.W.2d 676, at 681 (Tex.Cr.App.1987). The court of appeals has yet to decide whether Fragozo’s conduct may be imputed to the prosecution in this cause.
The majority finds “support” in the record for a finding that Fragozo was acting under “color of law,” and concludes from this that he was a member of the prosecution team whose knowledge and misconduct may be imputed to the district attorney’s office. Slip op. at 12-14. But this is not an application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P., over which this Court has ultimate factfinding jurisdiction. That the record would “support” a finding does not mean that one was ever made. Neither the habeas court nor the court of appeals has actually made a finding of fact with respect to Fragozo’s conduct vis a vis the prosecution team. In resolving this cause as if they had this Court in essence engages in factfinding itself — something that in the present context we are not empowered to do.
I would vacate the judgment of the court of appeals and remand the cause to that court for further proceedings not inconsistent with this opinion. Because the majority does not, I respectfully dissent.
McCORMICK, P.J., and MEYERS, J., join.

.Because applicant was granted probation, his conviction was not "final” for purposes of post-conviction habeas corpus returnable to this Court under the auspices of Article 11.07, V.A.C.C.P. Ex Parte Renier, 734 S.W.2d 349 (Tex.Cr.App.1987); Ex Parte Twyman, 716 S.W.2d 951 (Tex.Cr.App.1986).

. The statement of facts from appellant's trial was not, however, made a part of the appellate record.

. Of course, because we lack the statement of facts from appellant’s trial, see n. 2, ante, we cannot tell even from his proposed findings of fact and conclusions of law precisely what the habeas court thus finds constituted perjury.

. In his second ground for review appellant argued that a violation of due process does not depend upon a finding that the prosecutor knowingly used perjured testimony to obtain his conviction. However, we granted only appellant's first ground for review, and therefore do not reach this question.

. In the record before us we do not find the actual application for writ of habeas corpus. The record does, however, contain proposed findings of fact and conclusions of law submitted to the habeas court by appellant. Exhibit "A,” appended to these proposed findings of fact and conclusions of law, presents what appears to be a portion of the writ application. Subsection "J” of Exhibit "A” alleges that Fragozo’s "involvement, by an officer of the law, also constitutes a violation of the Due Process Clause of the United States Constitution, and requires that relief on this application be granted.”