Jessie DIAZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 68577.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 26, 1983.
Rehearing Denied Dec. 7, 1983.

Frank J. Baughman, Amarillo, for appellant.

Randall Sherrod, Dist. Atty. and Deane C. Watson, Asst. Dist. Atty., Canyon, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for voluntary manslaughter. Punishment was assessed by the jury at 20 years. The sufficiency of the evidence is not challenged.

In his only two grounds of error appellant argues that discussion of the parole law during jury deliberations constituted the receipt of other evidence by the jury after it had retired to deliberate, entitling him to a new trial under Article 40.03(7), V.A.C.C.P., and such discussion constituted jury misconduct depriving him of a fair and impartial trial under Article 40.03(8), V.A.C.C.P.

At the hearing on appellant's motion for new trial only one juror appeared and was sworn as a witness. Appellant attached the affidavit of the sole juror to his motion for new trial. The State presented no witnesses on the issue, and none of the other jurors were called to testify.

Appellant introduced juror Cheverier's affidavit into evidence which stated in part:

"... some of the people were talking about if we give him twenty years and if in fact he is as good a fellow as those who testified in his behalf are saying, he'll be out in six or seven years anyway. At that time I told those jurors that I thought it was wrong to consider that type of theory. I consented to twenty years and told them that the only reason I would is that I hoped that Diaz would get out in six or seven years as they said he would. I relied on what the other jurors said about getting out in six or

seven years on a twenty year sentence on early parole. If it had not been for these statements I would not have voted to give him twenty years."

At the motion for new trial, however, juror Cheverier testified that he did not base his decision upon appellant getting out in six or seven years, and further stated that the portion of his affidavit set out was untrue or it at least was not in his own words.

■ Recently in *Munroe v. State,* Tex.Cr. App., 637 S.W.2d 475, a five judge majority expressed the view that cases dealing with the jury's discussion of parole laws is appropriately analyzed as jury misconduct under the provisions of Article 40.03(8); however no majority view coalesced with respect to receipt of other evidence under the provision of Article 40.03(7), V.A.C.C.P. We decline to follow the plurality expressions in Part II of *Munroe v. State,* supra, and hold that either section of the article may apply to the jury's discussion of parole laws, depending upon the facts of the case. See *Heredia v. State,* Tex.Cr.App., 528 S.W.2d 847, 852.

■ It is common knowledge that from time to time inmates of the Texas Department of Corrections are released on parole. E.g., *Taylor v. State,* Tex.Cr.App., 420 S.W.2d 601, 608. The mere mention of this common knowledge would not constitute receipt of other evidence, nor would a further discussion of it constitute receiving new evidence any more than discussion of any other matter of common knowledge by the jury. *Heredia v. State,* supra. Information may be given to the jury, however, by a juror or someone else, which would constitute receiving other evidence. Information which would constitute other evidence would include, for example, a juror relating his personal knowledge of some particular case from which the jury might try to "figure out" what the parole law is. *Heredia v. State,* Tex.Cr.App., 528 S.W.2d 847, 852. This is not the situation in the present case even if the affidavit of juror Cheverier could be accepted as true by the trial court. There is nothing to indicate that a juror related any personal knowledge

of a particular case from which the jury tried to figure out the parole law. In fact, the affidavit specifically states that juror Cheverier admonished the other jurors that they should not discuss appellant's possible release on parole. We conclude, therefore, that such a statement cannot be construed as "other testimony" under Article 40.03(7), V.A.C.C.P.

Under Article 40.03(8), V.A.C.C.P., jury discussion of parole laws is always misconduct; whether the same constitutes such error as to mandate reversal depends upon the particular circumstances of each case. *Sanders v. State,* Tex.Cr.App., 580 S.W.2d 349, 351; *Heredia v. State,* Tex.Cr.App., 528 S.W.2d 847, 852. It is well settled that issues of fact as to jury misconduct raised at a hearing on a motion for new trial are for the determination of the trial judge. *Beck v. State,* Tex.Cr.App., 573 S.W.2d 786, 791; *McCartney v. State,* Tex.Cr.App., 542 S.W.2d 156, 162. The trial court's decision will not be reversed unless an abuse of discretion is shown. *Appleman v. State,* Tex.Cr.App., 531 S.W.2d 806, 810. The trial judge, having the right to accept or reject any part of his testimony, obviously accepted Cheverier's statements at the hearing over his affidavit attached to the motion for new trial.

In light of the sole affidavit and contradiction by the juror at the hearing on the motion for new trial, we are unable to say that the trial court abused its discretion in overruling appellant's motion for new trial under either Article 40.03(7) or (8), V.A.C.C.P. See *Beck v. State,* supra; *Ashabranner v. State,* Tex.Cr.App., 557 S.W.2d 774, 777.

The grounds of error are overruled.

The judgment is affirmed.

ONION, P.J., and CAMPBELL, J., concur.