**Reversed and Remanded and Majority and Dissenting Opinions filed August 29, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00785-CR

---

**ZAID ADNAN NAJAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1503083**

---

### DISSENTING OPINION

I disagree with several aspects of the majority's decision.

## I.    The majority errs by not applying Rule 606(b) of the Texas Rules of Evidence.

The majority correctly recognizes that, under Rule 21.3(f) of the Texas Rules of Appellate Procedure, the defendant must be granted a new trial "when, after retiring to deliberate, the jury has received other evidence." But the majority fails to

appreciate that Rule 606(b) of the Texas Rules of Evidence limits the method in which a defendant can prove that he is entitled to a new trial under Rule 21.3(f). *See Hicks v. State*, 15 S.W.3d 626, 630 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) ("By generally prohibiting jurors from testifying as to matters and statements occurring during deliberations, rule 606(b) unquestionably makes proving jury misconduct in criminal trials more difficult than it was under prior rules.").

The majority contends that the State waived any complaint under Rule 606(b)—and thus, the majority declines to conduct any sort of Rule 606(b) analysis—because the prosecutor affirmatively stated that she had "no objections" to the affidavits. But the record is ambiguous on that point. When the affidavits were offered into evidence, defense counsel acknowledged that "we have a dispute on the law." The prosecutor then went on to argue that the siren discussed in the affidavits was not an "outside influence," which invokes the language of Rule 606(b). The prosecutor also referred explicitly to *McQuarrie v. State*, 380 S.W.3d 145 (Tex. Crim. App. 2012), which is one of the leading cases applying Rule 606(b). The record accordingly shows that all parties understood that Rule 606(b) was squarely before the trial court.

## II. The majority errs by not considering the affidavits under the appropriate standard of review.

Even if the prosecutor had not invoked Rule 606(b) and *McQuarrie*, or had waived a complaint under those authorities, the trial court was under no obligation to credit the affidavits' hearsay testimony that the jury had been influenced by the hearing of a siren. And under the applicable standard of review, the majority should have held that the trial court did not believe that hearsay testimony. *See Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013) (recognizing that a trial court can determine that an affidavit lacks credibility, even when the affidavit is

2

uncontroverted). By reaching the opposite conclusion that the siren influenced the jury to the detriment of appellant, the majority fails to view the evidence in the light most favorable to the trial court's ruling.

**III.    The majority errs by concluding that the sound of a siren is "other evidence" under Rule 21.3(f).**

The majority also errs by holding that the jury received "other evidence." This is not a case where an exhibit was mistakenly sent to the deliberation room, like in *Bustamante v. State*, 106 S.W.3d 738 (Tex. Crim. App. 2003). Instead, this is a case where, if the affidavits are to be believed, the jury merely heard a siren coming from the street. There has been no showing that the siren was intentionally activated to influence the jury. And the sound of a siren is already within the common knowledge of the average juror, which is reason enough to uphold the trial court's ruling that there was no outside influence (or receipt of other evidence detrimental to appellant). *See McQuarrie*, 380 S.W.3d at 153 ("A Rule 606(b) inquiry is limited to that which occurs outside of the jury room and outside of the juror's personal knowledge and experience."); *cf. Diaz v. State*, 660 S.W.2d 93, 94–95 (Tex. Crim. App. 1983) (recognizing that jurors are already aware that some inmates are released early on parole, and "the mere mention of this common knowledge would not constitute receipt of other evidence"); *Ex parte Trafton*, 271 S.W.2d 814, 816 (Tex. Crim. App. 1953) (op. on reh'g) (same regarding the usual sounds of an automobile); *Borroum v. State*, 8 S.W.2d 153, 155–56 (Tex. Crim. App. 1927) (op. on reh'g) (same regarding the effect of being shot); *Frazer v. State*, 268 S.W. 164, 166 (Tex. Crim. App. 1924) (same regarding bullet holes and powder burns); *Saenz v. State*, 976 S.W.2d 314, 321–23 (Tex. App.—Corpus Christi 1998, no pet.) (same regarding how spent shells are ejected from semi-automatic weapons).

Sirens are frequently heard in downtown Houston—so frequently in fact that the burden on the judicial system would be extreme if trial courts were required to insulate the jury whenever those external sounds might be related to an issue in a case. Part of that problem stems from the fact that the sirens originate not just from police, but also from fire and EMS. Whether these departments have similar or different sirens is not apparent from the record. In any event, there has been no showing that the siren heard by this jury necessarily belonged to a police unit, as the majority implicitly assumes.

## IV. The majority errs by concluding that the siren was detrimental.

In a case implicating Rule 606(b), a court must use an objective "reasonable person" test to decide what effect the outside influence would have had on the "hypothetical average juror." *See Colyer v. State*, 428 S.W.3d 117, 129 (Tex. Crim. App. 2014). This is the standard that the majority should have applied if it determined that the siren was an outside influence (which it was not). And under this objective standard, the majority should have held that there was no adverse effect because the sound of a siren is already within the common knowledge of the average juror.

The majority nonetheless holds that the siren was detrimental because the central issue in the case was whether appellant was aware that the officer was trying to pull him over. But there was overwhelming evidence that appellant was so aware. The officer testified that when he activated his emergency lights and siren, appellant immediately deactivated his illegal strobe light and then sped off for more than a mile. That testimony, which was emphasized by the prosecutor in closing statements, shows that appellant knew that he needed to stop from the very beginning of the chase.

Also, there was no evidence that appellant could *not* hear the officer's siren (say, for example, because appellant was hard of hearing, or because the music in his car was playing very loudly). During closing arguments, defense counsel had no response at all to the evidence that appellant had heard the officer's siren. This omission undermines the majority's conclusion that the jury's hearing of a siren was detrimental to appellant's case.

Based on the foregoing, I would overrule appellant's first issue and consider his remaining point of ineffective assistance of counsel. Because the majority does not, I respectfully dissent.

/s/     Tracy Christopher
Justice

Panel consists of Justices Christopher, Bourliot, and Spain.

Publish — Tex. R. App. P. 47.2(b).